OLAF OLSON, Appellee, *vs.* THE KELLY COAL COMPANY, Appellant.

*Opinion filed October 26, 1908—Rehearing denied Dec. 3, 1908.*

1. APPEALS AND ERRORS—*one good count supported by evidence will sustain a verdict.* One good count in a declaration, which is supported by the evidence, will sustain a verdict and judgment although other counts are not supported by the evidence.

2. MINES—*notice to a mine owner need not necessarily come through examiner's report.* In an action against a mine owner counting upon a willful violation of section 18 of the Mines act, it is not necessary, in order to charge the defendant with notice of a dangerous condition in the mine, that such notice be communicated through the medium of the mine examiner's report, as the mine examiner is a vice-principal of the mine owner, and actual notice to him of a dangerous condition is notice to the mine owner.

3. SAME—*jury, and not mine examiner, is the judge of question of safety of entry.* Whether the condition of an entry was dangerous or safe is a question of fact to be determined by the jury

and not by the mine examiner, and if a mine owner, knowing the condition of an entry which is, in fact, dangerous, permits a miner to work in the entry other than under the direction of its mine manager, such conduct constitutes a willful violation by the mine owner of section 18 of the Mines act.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding.

This was an action on the case commenced in the circuit court of Vermilion county by the appellee, against the appellant, to recover damages for a personal injury sustained by the appellee while engaged in the mine of the appellant as a mule driver. The case was tried upon a declaration containing three counts. The first count was based upon an alleged violation of section 18 of the Mines and Mining act, which provides that no one shall be allowed to enter a mine to work therein, except under the direction of the mine manager, until all conditions shall have been made safe; and the second and third counts were based upon a breach of the common law duty which appellant owed to appellee to furnish him a safe mule and a reasonably safe place in which to work. The general issue was filed, and a trial resulted in a verdict and judgment in favor of the appellee for the sum of $3000, which has been affirmed by the Appellate Court for the Third District, and a further appeal has been prosecuted to this court.

The evidence tended to show that appellee was employed in appellant's mine as a mule driver; that in the discharge of his duty he drove a mule hitched to loaded cars, which ran on a track provided for that purpose in the mine; that the entry where the accident occurred was about eight feet wide; that one rail of the track was located within from six to twelve inches of the wall of the rib side; that there had accumulated upon the gob side, near the rail, a large

amount of debris, which was from eighteen inches to three feet high; that the appellee was riding upon the front of the car; that the car caught upon said debris, which caused the mule to give a sharp pull to release the car; that at that point the car was going down-grade, and when the car was released it ran against the mule, and the appellee being unable to escape on the gob side was crowded off the car upon the rib side and was caught between the car and the wall; that the mine examiner was in said entry on the night before the appellee was injured and had notice of the condition of the debris on the gob side of the entry and its proximity to the track, and this appellant permitted appellee, without being under the direction of its mine manager, to enter the mine to work on the next morning without having the debris in the entry near the track over which he was hauling cars, removed.

BUCKINGHAM & TROUP, for appellant.

W. T. GUNN, and S. M. CLARK, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellant contends that the court erred in declining, upon its motion, to withdraw the common law counts of the declaration from the jury, on the ground that there was no evidence which would support a recovery thereon. We do not think the court committed reversible error in overruling said motion as there was evidence tending to support the other count of the declaration, and it clearly appears from the record that there was evidence tending to support the common law counts in the declaration, and it is settled in this State that one good count in a declaration which is supported by the evidence will sustain a verdict and judgment although other counts in the declaration may not be supported by the evidence. *Consolidated Coal Co.* v. *Scheiber,* 167 Ill. 539; *Illinois Central Railroad Co.*

v. *Weiland,* 179 id. 609; *Swift & Co.* v. *Rutkowski,* 182
id. 18; *Eldorado Coal and Coke Co.* v. *Swan,* 227 id. 586.

It is also contended that the court erred in overruling
appellant's motion for a directed verdict, as it is said that
the evidence does not show a willful violation of the provi-
sions of section 18 of the Mines and Mining act, the posi-
tion of appellant being, that the only evidence of a willful
violation of said section 18 contemplated by the statute is
the report of the mine examiner,—in other words, that the
suit being based upon a violation of section 18 of the Mines
and Mining act, actual notice of the dangerous condition in
the mine to its mine examiner was not sufficient notice of
such condition to appellant to make it liable under that sec-
tion of the statute for an injury resulting from such danger-
ous condition. We do not agree with this contention. The
statute clearly contemplates that the mine owner shall keep
his mine in a safe condition to protect the men employed by
him therein from injury, and to this end it is provided that
a mine examiner and a mine manager shall be employed,
and that the mine shall be examined and reports of its con-
dition as disclosed by such examination made, and that a
willful failure to make such examination or report, which
results in injury to men working in the mine, shall make the
mine owner liable for such injury. It is not, however, con-
templated by the statute that the mine owner shall be re-
lieved of liability for an injury resulting to men working
in his mine, in consequence of a dangerous condition in the
mine of which he has actual notice, by reason of the fact
that he has not received notice of such condition through the
channel of the report of his mine examiner. A mine ex-
aminer is a vice-principal of the mine owner, (*Davis* v. *Illi-
nois Collieries Co.* 232 Ill. 284,) and actual notice to the
mine examiner or the mine manager of a dangerous con-
dition in the mine is notice to the mine owner of such con-
dition. In this case the evidence tends to show that the
mine examiner of appellant was in the mine the night be-

fore the appellee was injured and saw the condition of the debris upon the gob side of the entry at the point where appellee was injured; that, regardless of his knowledge of such condition, the appellant permitted the appellee, without being under the direction of its mine manager, to go into the mine on the following morning to work without removing said debris, the result of which was that while the appellee was passing through the entry in which such dangerous condition existed, with his car, he was injured.

The evidence was conflicting as to the condition of the debris upon the gob side of the entry, where the accident occurred. The evidence of the appellee tended to show it was piled near the track to a height of from eighteen inches to three feet, which made it very dangerous to persons similarly situated to appellee at the time he was injured; while the evidence of the appellant tended to show the entry at the point of the injury was in a safe condition. The question of the condition of the entry at the point where the accident occurred was one of fact to be determined by the jury, and not by the mine examiner. The mine examiner had no power to adjudicate the question of the safety of the entry at that point, (*Davis* v. *Illinois Collieries Co. supra,*) and if the appellant permitted the appellee to enter the mine to work therein, otherwise than under the direction of its mine manager, knowing of said dangerous condition, before said dangerous condition had been made safe, such conduct on its part constituted upon the part of the appellant a conscious violation of section 18 of the Mines and Mining act and rendered the appellant liable to the appellee for a willful violation of said act. *Odin Coal Co.* v. *Denman,* 185 Ill. 413; *Marquette Coal Co.* v. *Dielie,* 208 id. 116; *Kellyville Coal Co.* v. *Strine,* 217 id. 516; *Henrietta Coal Co.* v. *Martin,* 221 id. 460; *Eldorado Coal Co.* v. *Swan, supra.*

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*