Emma Waschow, Appellee, v. Kelly Coal Company, Appellant.

1. VARIANCES—*when objection to, comes too late.* An objection of variance not raised in the trial court cannot be first urged on review.

2. MINES AND MINERS ACT—*what not defense.* Contributory negligence is no bar to an action instituted under the Mines and Miners Act.

3. CONDUCT OF COUNSEL—*when not saved for review.* If complaint is made on appeal of remarks of counsel made in argument to the jury, a ruling should be obtained thereon; otherwise their propriety is not saved for review.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 25, 1909.

O. M. JONES and CHARLES TROUP, for appellant; MASTIN & SHERLOCK, of counsel.

KEESLAR & GUNN and H. ERNEST HUTTON, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

In this suit the plaintiff, Emma Waschow, recovered a verdict and judgment against the Kelly Coal Company for $3125, as damages for the death of her husband, Herman Waschow, occasioned, as it is alleged, by the wilful failure of the defendant to comply with certain provisions of the Mines and Miners Act. The declaration contains two counts. The first count alleges that the deceased was employed by defendant in its coal mine as a mule driver, and that in the course of such employment it was customary for the driver to ride upon the front part of the car, just back of the animal drawing the same; that in the performance of his duty it was necessary for the deceased to be in and to pass along a certain entry in said mine with

a loaded car of coal, from a point near the entrance of room 20 off said entry, down said entry and past room 17 to the bottom of said mine; that there was a steep incline in said entry from room 20 to room 17, and that the track was laid so close to the rib side of the entry that there was no room for a driver to dismount from a passing car on said rib side; that on the opposite or gob side of said entry were large quantities of gob, stone, slate or refuse matter, piled so close to said track and so high and near to the entrance to the room-necks turned off said entry, that a driver on a car driving down said entry had no place on said gob side where he could dismount from said car without injury to himself; that on the rib side of said entry opposite room 18 a cross-cut had been filled up with rock and débris so that a driver could not escape in said cross-cut, all of which constituted an unsafe and dangerous condition in said mine, and which said unsafe and dangerous condition had existed for many weeks and was well known to the defendant; that the defendant disregarding its duty wilfully and knowingly permitted the deceased to enter said mine and to pass along and work in said entry at said place without then and there being under the direction of its mine manager while said mine and said entry was in an unsafe and dangerous condition; that while the deceased in the usual course of his employment was riding on a car loaded with coal down said incline in said entry, near the entrance of room 18, he attempted to dismount from said car and because of such unsafe and dangerous condition was thereby crushed and injured, so that he died, etc. The second count of the declaration is substantially the same as the first, except that it alleges that the deceased was caught and crushed between the car and the gob side of the entry.

It is not seriously urged by defendant that an unsafe and dangerous condition was not shown by the evidence to exist in the mine, substantially as is alleged in the declaration, but it is insisted that such unsafe and dan-

gerous condition was not shown to have been the proximate cause of the injury to the deceased. There was no eye witness to the accident. The evidence tends to show that at the time of his injury the deceased was driving a mule hitched to a loaded car of coal down the incline in entry No. 8 southwest in defendant's mine; that immediately before the deceased was found upon the track, with his head in the middle of the track and his feet toward the rib side of the entry, a noise was heard which indicated that the mule was running away; that the injury to the deceased which resulted in his death consisted, as described by the attending physician, in a fracture of the pelvis about two inches to the left of the center, whereby the left fragment of the pelvis penetrated the bladder; that there was no discoloration of the frontal tissues of the body of the deceased, and that the injury indicated that the body of the deceased had been forcibly crushed, not by a direct blow, but by some object in motion or by some object striking the body while in motion. One witness called on behalf of the defendant testified that he saw the deceased immediately after the accident, and that in answer to an inquiry by the witness as to how the accident happened, the deceased said: "Well, when I was coming over the hill there, that big hill on the 8th south, the mule kicked me off the chain." The character of the injury inflicted upon the deceased and which resulted in his death, clearly indicates that it was caused by his being crushed between the moving car and a protruding rock on the rib side of the entry, and not by the kicking of the mule. If the deceased was kicked by the mule, and thereby voluntarily or involuntarily dismounted from the car, and the injury which resulted in his death was caused by his being crushed in the manner above indicated, the plaintiff was entitled to recover.

No question of variance was raised upon the trial and defendant cannot raise that question on this appeal. Whether or not the wilful failure of defendant

as alleged in the declaration was the proximate cause of the death of the deceased, was a question of fact for the jury and the trial court did not err in refusing to give the peremptory instruction offered by the defendant, nor are we disposed to hold that the finding of the jury upon that issue was unwarranted by the evidence. The case of Olson v. Kelly Coal Co., 236 Ill. 502, is in point upon the question of proximate cause involved in the case at bar.

As contributory negligence, if any, on the part of the deceased, is no bar to a recovery by the plaintiff in this action, the trial court did not err in excluding evidence offered by the defendant to the effect that the deceased was informed or had knowledge, prior to his injury, of the vicious habits of the mule.

The declaration alleges all the facts requisite to a recovery by plaintiff, and it was not reversible error to give the fifth instruction offered at her instance.

Complaint is made by the defendant of certain remarks of counsel for the plaintiff in their argument to the jury. This assignment of error is not properly preserved for review because of the failure of counsel for defendant to obtain a ruling by the trial court upon the propriety of the language used in the arguments. McCann v. The People, 226 Ill. 563; Lipsey v. The People, 227 Ill. 364. A consideration, however, of the language complained of suggests that while it may in some instances have exceeded the limits of strict propriety it was not sufficiently intemperate to have affected the verdict of the jury under the evidence in the case.

The record is free from error prejudicial to the defendant and the judgment of the Circuit Court will be affirmed.

*Affirmed.*