## BROWN v. OGLE.

[No. 10,670.   Filed March 9, 1921.]

1. BROKERS.—*Real Estate Brokers.—Action for Commissions.— Contract.—Admissibility in Evidence.*—A written contract, entered into between a real estate broker and a landowner. for the payment of commissions for the sale of land, which fixed the minimum price at which the owner would sell and providing that he would pay all over that amount as commission, satisfied the requirements of the statute (§7463 Burns 1914, Acts 1913 p. 638), providing that such contracts must be in writing, although it may be necessary to resort to parol

.to show the amount to be paid by the purchaser, and such contract was properly admitted in evidence in the broker's action thereon to recover commissions alleged to be due. p. 93.

2. CONTRACTS.—*Commissions.*—*Sales of Real Estate.*—*Statutes.* —While the manifest purpose of the statute (§7463 Burns 1914, Acts 1913 p. 638), requiring contracts for the payment of commissions for the sale of real estate to be in writing is to protect the owner of real estate against the imposition and fraud of real estate agents in attempting to collect for services alleged to have been performed where the claim is of doubtful character, it must not be so construed as to enable the landowner to commit imposition and fraud upon an agent where there has been a substantial compliance with the statute. p. 93.

3. APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.* —In an action on a contract to recover commissions for the sale of real estate, where the contract showing defendant's agreement to pay plaintiff as commission all of the selling price in excess of $15,000 had been introduced in evidence, and plaintiff had testified that he found a purchaser for $16,000, error, if any, in admitting plaintiff's testimony that $1,000 was due him, a mere matter of calculation, was harmless. p. 95.

4. BROKERS.—*Real Estate Brokers.*—*Contract of Sale.*—*Refusal of Owner to Sell Except on Added Conditions.*—Where a landowner entered into a contract appointing a real estate broker to sell his farm within a certain period, and there was no reservation in the contract as to crops then growing or to be planted, the owner could not, as against the broker, after a customer had been obtained, refuse to sell except on the added condition that the purchaser would pay for the planted crop or postpone transfer of title until after harvest. p. 95.

5. APPEAL.—*Review.*—*Harmless Error.*—*Ruling on Demurrer.*— The merits of the cause having been fairly determined, the overruling of the demurrer to the complaint, even if erroneous, is not ground for reversal. p. 96.

From Jefferson Circuit Court; *F. M. Griffith,* Judge.

Action by William E. Ogle against Clarence E. Brown. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*U. Z. Wiley, Curtis Marshall* and *Simeon E. Leland,* for appellant.

*Perry E. Bear, Joseph R. Williams* and *Chalmer R. Schlosser,* for appellee.

McMAHAN, J.—Appellee filed a complaint alleging that appellant and appellee on March 12, 1918, entered into a written contract whereby appellant appointed appellee as his agent for a period of eight months to find and procure a purchaser for a certain farm owned by appellant; that appellee proceeded to advertise said farm for sale and to find a purchaser for the same; that before the expiration of the contract he found a purchaser who was ready and willing to purchase said farm for $16,000; that he notified appellant that he had found such purchaser, but that appellant refused to convey said farm to said purchaser or to pay appellee the commission due him. Said contract was made a part of the complaint, and by its terms appellant agreed to pay appellee as commission all he should receive over and above $15,000, to assist in securing said commission, and to pay the same out of the first money received. It also provided that when the property therein described was sold, traded, contracted, or offered to be accepted through appellee, verbally or in writing, at the price given, the commission should be due and payable out of the first money received.

The cause was tried by the court and resulted in a judgment in favor of appellee for $1,000, from which appellant appeals, and assigns as error the action of the court (1) in overruling his demurrer to the complaint; (2) in overruling his motion for a new trial.

Passing the first assignment for the present, we proceed to a consideration of the action of the court in overruling the motion for a new trial. The specifications in this motion are that the court erred (1) in admitting in evidence the written agreement between appellant and appellee; (2) in permitting the appellee to testify that under the said agreement he was entitled to a commission of $1,000; (3) and that the decision is not sustained by sufficient evidence.

Appellant's first contention is that the court erred in permitting the contract to be read in evidence, for the reason that the contract did not contain any statement fixing the amount of the commission which was to be.paid to appellee for finding a purchaser. The contract fixed $15,000 as the amount for which appellant would sell his farm, and, after stating the price, it provided that:

> . "If said property is sold or contracted during the life of this agreement, then the above-named owner agrees to pay said (agent) Wm. E. Ogle the sum of $...... all over $15,000 commission."

A party attempting to recover compensation for services rendered the owner in procuring a purchaser for real estate must show substantial compliance with the statute (§7463 Burns 1914, Acts 1913 p. 638) requiring contracts for the payment of such compensation to be in writing. While the manifest purpose of such statute is to protect the owner of real estate against the imposition and fraud of real estate agents in attempting to collect for services alleged to have been performed in the disposition and sale of real estate where the claim is of doubtful character, it must not be so construed as to enable the landowner to commit imposition and fraud upon an agent where there has been a substantial compliance with the statute. Its operation should not be extended further than is necessary to make its spirit and purpose effective. *Luther* v. *Bash* (1916), 61 Ind. App. 535, 112 N. E. 110.

The contract in the case just cited provided that the appellees were to receive a compensation of two per cent. for the services to be performed by them in disposing of the appellant's real estate. The contract failed to state the amount upon which the commission was to be calculated. The price for which the real estate was to be sold had not been agreed

upon at the time when the contract was entered into and hence could not be inserted in the agreement, but it provided that, if appellees sold the real estate at a price acceptable to appellant, appellees were to receive as their compensation a commission of two per cent. Parol evidence was there resorted to in order to bring before the court the amount which the appellant was to receive for her property. It was there held that such evidence did not vary the terms of the written contract, but was explanatory for the purpose of aiding the court in applying the written contract to the subject-matter, and that no essential part of the contract was supplied by the parol evidence. A contract to pay five per cent. commission on the purchase price was held sufficient in *Howard* v. *George* (1913), 49 Can. Sup. Ct. 75, Ann. Cas. 1914C 137.

The contract now under consideration did not necessarily fix the selling price, although it did fix the minimum price for which appellant would sell, and provided that appellee should receive as his commission all the farm sold for over and above $15,000. The contract fixed the amount of commission or compensation which should be paid to appellee, in the event he found a purchaser for such real estate, with sufficient certainty. It is true that parol evidence was necessary in order to show the amount which the purchaser was to pay for the farm. This, however, did not vary the terms of the contract. There was no error in admitting the contract in evidence.

Appellee testified in behalf of himself that he had procured a purchaser for $16,000, on terms that were satisfactory to appellant; that appellant, after being informed of such fact, went to town to see if he could reserve his wheat crop; that an appointment was made for appellant and the purchaser to meet at appellee's office the following Saturday for the purpose of drawing

up a contract of sale; that appellant and his wife met the purchaser at appellee's office in accordance with such appointment; that appellant refused to enter into a contract to sell, except on terms that required the purchaser to pay for the wheat, or that would postpone the actual transfer of title and possession until the fall of the next year after the wheat had been harvested; that appellant at such meeting asked appellee if he had made the sale of the farm and, being informed that he had, replied that it was his (appellant's) place to make the terms; that appellee had nothing more to do with it.

After this testimony, and after the contract between appellant and appellee had been introduced in evidence, appellee was asked, "And what is the amount due

3. you?" to which appellant objected for the reason that it called for parol testimony as to the amount that should be paid. The objection being overruled, appellee answered, "All over the sum of Fifteen Thousand Dollars. That would be One Thousand Dollars."

The contract fixing the amount of commission to be all over $15,000 having been introduced in evidence, and there being evidence that appellee had procured a purchaser at $16,000, it was a mere matter of calculation to determine that the amount of commission due appellee was $1,000. · Under. such circumstances, the error, if any, in permitting the witness to answer the question was harmless.

Appellant next contends that the decision is not sustained by sufficient evidence. We do not deem it necessary to set the evidence out in detail, further

4. than to say that, in addition to the evidence heretofore referred to, there is other evidence tending strongly to show that appellee, about two weeks before the expiration of the contract of agency, procured a purchaser who was ready, able and willing to pay appellant $16,000 for the farm; that appellant re-

·fused to make the sale except upon terms dictated by himself. The terms so dictated by appellant were not in harmony with the contract between appellant and appellee, but were antagonistic thereto. This contract made no reservation as to crops then growing, or that might thereafter be planted. Under that contract appellee was entitled to his commission when he procured a purchaser able, ready and willing to pay appellant $15,000 for his farm.

The purchaser under that contract would have the right, upon the payment of the purchase price, to a deed of conveyance and to immediate possession· and, in so far as appellee is concerned, appellant had no right to dictate any different terms. As between appellant and appellee, appellant had no right to refuse to sell the farm because the purchaser would not pay for the wheat crop, or would not postpone the transfer of title and possession until the fall of the next year after the wheat crop had been harvested.

There is evidence that the purchaser procured by appellee was ready, able and willing to buy the farm, that appellant entered into negotiations with him and that the sale would have been made, had not appellant demanded and insisted on terms and reservations not contained in his contract with appellee. · There is ample evidence to sustain the decision of the court. There was no error in overruling the motion for a new trial.

The merits of the cause having been fairly determined, the overruling of the demurrer to the complaint is not cause for reversal. *Vulcan Iron Works Co.* v. *Electro, etc., Min. Co.* (1913), 54 Ind. App. 28, 99 N. E. 429, 100 N. E. 307; *Finch* v. *McClellan* (1921), (Ind. App.) 130 N. E. 13, 131 N. E. 236.

Judgment affirmed.