INTERNATIONAL HARVESTER COMPANY OF AMERICA *v.*
HAAS ET AL.

[No. 12,975.   Filed November 22, 1928.]

*Young & Linder,* for appellant.
*Frank A. Symmes, Garth B. Melson* and *Donald F. LaFuze,* for appellees.

MCMAHAN, J.—Action by Max Haas against the International Harvester Company, a Wisconsin corporation, appellant herein, and another. The complaint is in three paragraphs. The first is for money had and received. The second alleges that on April 12, 1924, the defendants wrongfully took and carried away a certain truck owned by the plaintiff, of the value of $300, and converted the same to their own use. The third paragraph alleges that the defendants, for the purpose of inducing plaintiff to purchase a certain used International

auto truck, falsely and fraudulently represented to plaintiff that such truck was a 1923 model, had been in use less than one year, and was in good mechanical condition, reasonably adapted and suitable for use as a motor vehicle; that such representations were then known by the defendants to be false, were made for the purpose of inducing plaintiff to buy the truck and with the intention that plaintiff should rely thereon; that plaintiff, believing and relying upon such representations, entered into a written contract for the purchase of such truck from defendants for $1,000, a $300 credit being allowed for a truck then owned by plaintiff, and the balance being payable at the rate of $62.42 per month, and evidenced by his promissory notes; that, pursuant to such contract, plaintiff delivered his truck to defendants, received credit for $300, that being the reasonable value of his said truck, and executed his notes and accepted the truck so purchased from defendants in ignorance of the falsity of said representations; that he subsequently discovered such representations were false and fraudulent; that the truck he received from defendants was not a 1923 model, nor manufactured in 1923, but was a 1919 model, manufactured in 1919, and had been in use more than four years; that it was not in good mechanical condition nor reasonably adapted for use as a motor vehicle; that it was worn out, defective in many of its essential parts, would not work, and was wholly unfit to be used as a motor vehicle; that, after the discovery of said fraud, he requested defendants to make reparation therefor, which they refused to do; that plaintiff refused to make any further payments and defendants took said truck from plaintiff and converted the same to their own use.

To this last paragraph, appellant's demurrer for want of facts was overruled. A trial by jury resulted in a verdict and judgment in favor of the plaintiff, hereafter

referred to as appellee, for $500; appellant's motion for a new trial was overruled; hence this appeal.

Appellant's first contention is that the court erred in overruling its demurrer to the third paragraph of complaint. This paragraph alleges that the defendants, for the purpose of inducing appellee to purchase a certain truck from them, fraudulently represented to appellee that the truck which they proposed to sell him was a 1923 model, had been used less than one year, was in good mechanical condition and reasonably adapted and suitable for use as a motor vehicle; that the defendants knew such representations were false when made, that the truck was not a 1923 model; that it was a 1919 model; had been used for more than four years, instead of less than one year; that, instead of being in good mechanical condition, it was worn out and defective, would not work and was unfit to be used or operated as a motor vehicle.

The objections pointed out in the memorandum filed with the demurrer are that: "There is no showing of the value of the truck sold to the plaintiff, or what a 1923 truck would have been worth or the condition of the same. There is no showing that the truck sold to the plaintiff was in any worse condition or worth less money than the truck alleged to have been represented by defendants to plaintiff."

It is not necessary for us to determine whether the third paragraph of the complaint was sufficient to withstand the demurrer. After the demurrer was overruled, appellant filed answer and the cause was fairly tried upon the issues thus presented. It is the settled law in this state, that no objection taken by demurrer, and overruled shall be sufficient to reverse a judgment if it appears from the whole record that the merits of the cause have been fairly determined; that, on appeal, the court must disregard any error or defect in the pleadings or proceedings which does not affect the

substantial rights of the adverse party; that no judgment shall be reversed for any defect in form, variance or imperfection in the record or pleadings which by law might have been amended below, and such defects shall be deemed to be amended on appeal. *Vulcan Iron, etc., Co. v. Electro, etc., Min. Co.* (1912), 54 Ind. App. 28, 99 N. E. 429, 100 N. E. 307. See, also, *Union Frat. League* v. *Sweeney* (1916), 184 Ind. 378, 111 N. E. 305; *Bruns* v. *Cope* (1914), 182 Ind. 289, 105 N. E. 471; *Shirley Hill Coal Co.* v. *Moore* (1914), 181 Ind. 513, 103 N. E. 802; *Domestic Block Coal Co.* v. *DeArmey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99; *Baker* v. *Pyatt* (1886), 108 Ind. 61, 9 N. E. 112; *Pittsburgh, etc., R. Co.* v. *Rushton* (1925), 148 N. E. (Ind. App.) 337, 149 N. E. 652; *Brown* v. *Ogle* (1921), 75 Ind. App. 90, 130 N. E. 147; *Brown* v. *Young* (1915), 62 Ind. App. 364, 110 N. E. 562; *A. D. Baker Co.* v. *Smedley* (1912), 55 Ind. App. 79, 100 N. E. 307; *Cleveland, etc., R. Co.* v. *Heineman* (1910), 46 Ind. App. 388, 90 N. E. 899.

In the instant case, appellant contends the third paragraph of complaint was defective because of the failure to allege certain facts. The record, however, discloses that, on the trial, appellee introduced evidence and proved the existence of all the facts omitted from the complaint and which appellant claims should have been alleged, and that such evidence was admitted without objection. An examination of the whole record shows that the cause was fairly determined in the trial court on its merits. This being true, the ruling on the demurrer, if erroneous, is not reversible error.

The next contention is that the court erred in refusing to direct the jury to return a verdict for appellant on the first and second paragraphs of the complaint. In support of this contention, appellant insists that the evidence, without conflict, shows that appellee never ten-

dered back the truck he received from appellant, and made no demand for the money paid by him on the new truck or for the return of the truck which he turned in, and which is alleged in the second paragraph of the complaint to have been converted by appellant to its own use. We think it may be conceded that, in order for appellee to have recovered under the first paragraph of complaint, it was necessary for him to have proved that he gave notice of his intention to rescind the contract and that he had made a demand for the repayment of the money he had paid appellant, and, in order to recover under the second paragraph for a conversion of the old truck which he delivered to appellant, he should have proved a demand for its return. The court would have been justified in instructing the jury that there could have been no recovery under either of the first two paragraphs, as there is no evidence tending to prove a demand for the repayment of the money which appellee had paid to appellant, or a demand for the return of the old truck. The evidence, however, is sufficient to sustain a verdict on the third paragraph of complaint. Since the cause has to be reversed for another reason, and since it is not probable the question as to the effect of the refusal of the court to so instruct the jury will arise on the next trial, we need not determine whether such refusal was reversible error. As bearing upon this subject, see, *Louisville, etc., Lighting Co.* v. *Beck* (1925), 196 Ind. 238, 145 N. E. 886, 147 N. E. 776; *State, ex rel.,* v. *Parish* (1882), 83 Ind. 223; *Payne* v. *June* (1883), 92 Ind. 252; *Colesar* v. *Star Coal Co.* (1912), 255 Ill. 532, 99 N. E. 709; *Chicago City R. Co.* v. *Carroll* (1903), 206 Ill. 318, 68 N. E. 1087; *Olson* v. *Kelly Coal Co.* (1908), 236 Ill. 502, 86 N. E. 88; *Scott* v. *Parlin & Orendorff Co.* (1910), 245 Ill. 460, 92 N. E. 318; *Klofski* v. *Railroad Supply Co.* (1908), 235 Ill. 136, 85 N. E. 277; *Pennsylvania Co.* v. *Backes* (1890), 133 Ill. 255, 24 N. E. 563; *Weifenbach* v. *White City Const.*

Co. (1916), 201 Ill. App. 521; *Hannibal, etc., R. Co. v. Martin* (1884), 111 Ill. 226; *Cunninghame v. Herring* (1915), 195 Ala. 469, 70 So. 148; *Navco Hardware Co. v. Bass* (1925), 214 Ala. 553, 108 So. 452; *W. B. Smith & Sons v. Gay* (1925), 21 Ala. App. 130, 106 So. 214; *City of Birmingham v. Poole* (1910), 169 Ala. 177, 52 So. 937; *Herndon v. Givens' Admr.* (1851), 19 Ala. 313; *Lake v. Parker* (1924), 2 Fed. (2d) 127; *Freiberg v. Elliott* (1888), 8 S. W. (Texas) 322; *Thornton v. Moody* (1893), 24 S. W. (Tex. Civ. App.) 331; *McGee v. Berrien* (1894), 28 S. W. (Texas) 462; *Sites v. Haverstick* (1873), 23 Ohio St. 626; *Roberts v. Hawkins* (1888), 70 Mich. 566, 38 N. W. 575; *Lemon v. Lloyd* (1891), 46 Mo. App. 452; *Castleberg v. Wheeler* (1887), 68 Md. 266, 12 Atl. 3.

Appellant complains of the action of the court in allowing appellee to introduce certain oral statements and negotiations between him and certain employees of appellant. The third paragraph, being for fraud, and the effect of the evidence objected to being to establish fraud, there was no error in its admission. Appellee, over the objection of appellant, was permitted to read in evidence the six notes which he had paid and which were part of the series of notes given for the purchase price of the new truck. These notes were admissible under the first paragraph of the complaint for the purpose of showing the amount appellee had paid on the truck. There was no error in admitting them in evidence.

Harry Trimble, over appellant's objection, testified to a conversation which he had with one of appellant's sales agents when the latter was trying to sell him parts taken from an old truck, in which the witness said the agent told him the truck from which the parts had been taken was the one appellant had

gotten from appellee. This evidence was proper under the second paragraph of the complaint as tending to show a conversion of the old truck.

Complaint is made of the action of the court in allowing appellee to prove the value of a 1923 truck model K, in good mechanical condition. This evidence was proper on the issue of fraud.

Appellant had taken the deposition of Herbert Newby and, as the same was being read in evidence, appellee objected to certain questions. These objections were sustained and the answers thereto were not allowed to be read to the jury. In order for appellee to recover under either paragraph of his complaint, it was necessary for him to prove that he was induced to purchase the truck in question through the fraud of Newby, who was appellant's salesman through whom appellee made the purchase. Appellee had testified to the representations which he claimed Newby had made and which were the basis of the alleged fraud. Newby, in his deposition, was asked whether he told appellee the truck in question was a 1923 model, that it had been built in 1923, and that it had been run less than a year as appellee had stated in his testimony. In response, Newby denied having made any of the statements as testified to by appellee. It was the answers to these questions that the court suppressed, refusing to permit them to be read to the jury. With the answers of Newby on this subject suppressed, the testimony of appellee upon the question of fraud stood unimpeached. This action of the court necessarily leads to a reversal.

It is not necessary for us to point out the particular questions where the court erred in refusing to allow the answers to be read to the jury. We have sufficiently indicated the subject-matter covered by them. While no error is shown in the action of the court in sustaining the objections to some of the

questions, we do not deem it necessary to discuss them, as the evidence given on the next trial may, on the particular matters, be different from that which was given in the first trial and may be sufficient to make all the questions in the deposition proper.

Judgment reversed, with directions to grant a new trial and for further proceedings.