MOORMAN MANUFACTURING COMPANY *v.* KELLER.

[No. 14,293.   Filed March 31, 1933.   Rehearing denied June 30, 1933.   Transfer denied May 2, 1934.]

608

*Wilson & Schmiedeskamp, Ralph W. Ewry,* and *James J. Moran,* for appellant.

*Whitaker & Mills,* for appellee.

DUDINE, J.—This was an action brought by appellee against appellant for damages for the loss of sheep alleged to have been killed by feeding them a certain stock food called "Moorman's GroFat" which was manufactured by appellant, and sold by him to appellee for feeding to his stock. The negligence charged was careless mixing of blue vitriol, a poison, in the stock food.

Appellant filed a demurrer to the complaint for insufficiency of facts pleaded, in which he objected to the complaint because it did not negative contributory negligence. The demurrer was overruled, whereupon appellant filed an answer of general denial. Trial was had by a jury which returned a verdict in the sum of $725.00 for appellee. Appellant filed a motion for new trial which was overruled, whereupon judgment was rendered on the verdict and appellant appealed to this court. The errors assigned are: (1) Court erred in overruling appellant's demurrer to appellee's complaint; (2) the court erred in overruling appellant's motion for new trial.

In support of his first assignment of error appellant contends the complaint was insufficient because it did not allege facts negativing contributory negligence. The record discloses that the stock food was apparently in good condition when appellee

fed it to his stock, that he fed it in accordance with instructions given him by appellant. It discloses in detail what appellee did in connection with the feeding of the stock food. Appellant cross-examined the witnesses on that phase of the case without interference.

We think all the evidence on that phase of the case, which was available to each of the parties respectively, was introduced. We think an examination of the whole record shows that the cause was fairly tried on its merits. This court said in *International Harvester Co.* v. *Haas* (1928), 88 Ind. App. 267, 163 N. E. 613, "It is the settled law in this state that no objection taken by demurrer, and overruled, shall be sufficient to reverse a judgment if it appears from the whole record that the merits have been fairly determined; that, on appeal, the court must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; that no judgment shall be reversed for any defect in form, variance or imperfection in the record or pleadings which by law might have been amended below, and such defects shall be deemed to be amended on appeal." The same principle is recognized in *Vulcan Iron Works Co.* v. *Electro, etc., Mining Co.* (1913), 54 Ind. App. 28, 100 N. E. 307, and many other authorities cited in *International Harvester Co.* v. *Haas, supra.* The whole record showing that the case has been fairly determined, the cause shall not be reversed because of a defect in the complaint.

The motion for new trial stated seventeen grounds. Appellant did not discuss grounds numbered 3, 4, 5, 7, 8, 14, 15, 16, and 17, and they are deemed waived by this court. (Rule 22 of this court.) Ground number 1 is that the verdict of the jury is not sustained by sufficient evidence. Ground number 2 is that the verdict is contrary to law.

Ground number 13 is that the court erred in overruling appellant's motion for a directed verdict, and we will

discuss that question first. The evidence discloses that appellee fed the stock food to his stock in accordance with instructions prepared by appellant; that when he quit feeding the stock food his stock quit dying; that the stock food contained blue vitriol in lumps the size of a pea; that the stock food when properly mixed contained blue vitriol, finely powdered. Some witnesses testified that blue vitriol mixed in the food as was shown by the testimony would have caused the death of the stock; other witnesses testified it would not. Testimony for appellant disclosed that the food had been properly mixed.

A determination of the issues involved in this case involved the credibility of witnesses, and the drawing of inferences and deductions from the testimony; and there was conflict in the evidence. When such a situation exists, the case should not be taken from the jury. Watson's Revision of Works Practice and Forms, Vol. 2, Sec. 1696, p. 303. The court did not commit error in overruling appellant's motion for a directed verdict.

Appellant contends the evidence did not reasonably support the verdict of the jury. He contends that since the evidence shows that the stock food was fed to appellee's sheep for approximately five months without ill effects, and since there is no direct proof that the sheep were killed by the stock food, the verdict is unreasonable.

This is a contention as to the "weight" of the evidence, and not as to whether the evidence is sufficient to sustain the verdict, nor as to whether the verdict is contrary to law. Whenever there is any legal evidence to support each material allegation of the complaint, no matter how weak or strong the evidence may be, the verdict of the jury will not be disturbed by the Appellate Court. *Kirklin* v. *Clark* (1912), 53 Ind. App. 358, 101 N. E. 753.

The jury was authorized to draw reasonable inferences of fact from the evidence. *Bronnenberg* v. *Indiana Union Traction Co.* (1915), 59 Ind. App. 495, 109 N. E. 784. It may be assumed that the jury inferred that the sheep were killed by the stock food, because they quit dying when appellee quit feeding the stock food and because there was evidence that if the sheep had eaten lumps of blue vitriol similar to the lumps found in the stock food, it was sufficient to produce the condition of one of the sheep which had died. When considering the whole evidence, we are of the opinion that such inference was not unreasonable.

Appellant contends that certain evidence introduced by him shows that it was impossible for the amount of blue vitriol in the stock food consumed by plaintiff's sheep to have been injurious, and hence the verdict was against incontrovertible facts. This evidence related to experience of certain witnesses in feeding blue vitriol to sheep. The experience of these particular witnesses could not establish the fact that the feeding of stock food containing the blue vitriol, in the proportion and condition contained in the stock food in question, would be harmless as a "physical fact." Hence appellant's contention must fail.

Grounds numbered 6, 9, 10, and 11 of appellant's motion for new trial are based on the court's sustaining objections to certain questions asked appellant's witnesses. Ground number 12 is based on the admission of certain evidence over appellant's objection. In none of these grounds does appellant state the objections made to the introduction of the evidence complained of. These grounds are insufficient for that reason. *Greer* v. *State* (1929), 201 Ind. 386, 168 N. E. 581; *Kenwood Tire Co.* v. *Speckman* (1930), 92 Ind. App. 419, 176 N. E. 29.

No reversible error having been shown, the judgment of the lower court is affirmed.