## OESTRIKE v. NEIFERT.

1. Evidence—Res Ipsa Loquitur.

Rule of *res ipsa loquitur* is not recognized in Michigan.

2. Animals—Lead Poisoning—Proximate Cause.

*Post mortem* examination showing that one cow had died from lead poisoning and proof that other cattle died exhibiting symptoms of lead poisoning shortly after billboards were repainted *held*, sufficient disclosure of facts from which jury might reasonably infer cause of death of cattle.

3. Proximate Cause—Paint in Cattle Pasture—Question for Jury.

Particular consequence need not be foreseen if some injury should have been anticipated in leaving paint in pails or spilling it on ground in pasture where cattle might consume it and question of whether such was negligence was for jury.

4. Trial—Volunteered Statement as to Compromise—Mistrial.

Voluntary statement by plaintiff's witness that defendant was willing to compromise and settle the case afforded no occasion to declare a mistrial, where court immediately instructed jury to disregard the statement.

5. Same—Motion for Directed Verdict—Further Proof.

Introduction of further proof after defendant had moved for directed verdict at close of plaintiff's case *held*, not reversible error.

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 10, 1934. (Docket No. 72, Calendar No. 37,748.) Decided June 4, 1934.

Case by Robert Oestrike against Lydia Neifert and Walker & Company, a Michigan corporation, for poisoning of cows. From verdict and judgment for plaintiff against defendant corporation only, it appeals. Affirmed.

*Arthur J. Adams,* for plaintiff.

*Monaghan, Crowley, Reilley & Kellogg (Bartlette E. Nutter,* of counsel), for defendant Walker & Company.

WIEST, J.   Plaintiff rented land for cattle pasture from defendant Neifert.   Defendant Walker & Company, a corporation, maintained two large billboards for advertising purposes in the pasture field and, it is claimed, that in painting the billboards from time to time paint was dropped on the ground and quantities left in pails; that plaintiff's cattle licked the fresh paint and consumed some of the paint in the pails on the ground, were poisoned thereby and died.   This suit was brought to recover damages for loss of the cattle and, upon trial by jury, resulted in verdict and judgment for plaintiff against Walker & Company.   Walker & Company prosecutes this appeal, and we style it defendant.

Defendant contends there was not sufficient evidence to establish negligence; that cause of death of the cattle rests upon employment of the rule *res ipsa loquitur,* which is not recognized in this jurisdiction.

In 1928, and shortly after repainting the billboards, four of the cattle exhibited characteristic symptoms of poisoning and died, and at that time the cause of death was not discovered.   Again, in July, 1929, and shortly after repainting of the billboards, two more cattle died.   A veterinarian at that time examined one of the dead animals and found it was killed by lead poisoning, evidenced by enough paint in the stomach to cause death.   All of the cattle died exhibiting symptoms of lead poisoning.   The proofs were sufficient on that phase of the case to present a question of fact for the jury.

The jury had a right to draw reasonable inferences from disclosed facts and circumstances.

As said in *Moorman Manfg. Co.* v. *Keller,* 98 Ind. App. 607 (184 N. E. 913), where it was an issue whether sheep had died from poison in a stock food:

"It may be assumed that the jury inferred that the sheep were killed by the stock food, because they quit dying when appellee quit feeding the stock food, and because there was evidence that if the sheep had eaten lumps of blue vitriol similar to the lumps found in the stock food, it was sufficient to produce the condition of one of the sheep which had died. When considering the whole evidence, we are of the opinion that such inference was not unreasonable."

A more troublesome question is that of negligence. Was it negligence to spill paint on the ground or leave pails with paint therein in a field where cattle were pasturing? The particular consequence need not have been foreseen if some injury should have been anticipated. *LaPointe* v. *Chevrette,* 264 Mich. 482.

Upon this subject the court instructed the jury to determine whether defendant's employees negligently left the paint as claimed by plaintiff: "with knowledge that their negligence, if you find that what they did was negligent, might result in damage to somebody, if it was a pasture land that it might result in damage to the owner of the cows, if there were any in the pasture."

Outside paint usually contains white lead or zinc, and both are poisonous if taken internally. The jury found that defendant knew the paint was poisonous and should have anticipated that the cat-

tle in the field would consume paint left on the ground or in open pails. We think the question was one of fact for the jury.

Plaintiff charged defendant with owning and painting the billboards and defendant, by answer, admitted ownership and repainting of the signs, but denied: ''that it negligently and carelessly dropped and spilled quantities of paint on the grass near the billboards or that it left large quantities of paint in buckets and receptacles.'' ·

There was no occasion for the trial court to declare a mistrial on the ground that a witness for plaintiff volunteered a statement of defendant's willingness to compromise and settle the case. The court immediately instructed the jury to give no heed to the statement.

At the close of plaintiff's case defendant moved for a directed verdict and the court permitted plaintiff to introduce further evidence, and defendant contends that this should not have been done. There is no merit in the claim. We find no reversible error.

The judgment is affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.