## IN RE MARONEY.

[No. 10,158.   Filed December 21, 1917.]

MASTER AND SERVANT.—*Workmen's Compensation Act.—Accident Arising Out of Employment.*—Injury to a car inspector while taking a short cut to report for work to a railroad with which his employer exchanged the services of workmen under certain conditions was an accident arising out of the employment within the meaning of the Workmen's Compensation Act, Acts 1915 p. 392, the injured servant being at the time of the accident considered as being on duty and on pay under the agreement between his employer and such other railroad as to the exchange of employes.

From the Industrial Board of Indiana.

Certified questions of law.

Proceedings under the Workmen's Compensation Act in the matter of one Maroney. Certified questions of law by the Industrial Board. *Questions answered.*

HOTTEL, J.—The Industrial Board has certified for our decision the questions of law hereinafter indicated based on a statement of facts, which, so far as pertinent and necessary to the decisions of said questions is in substance as follows: On and prior to

January 24, 1917, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, known as the "Big Four" Railway Company, owned and operated a line of railroad extending from Cincinnati, Ohio, through the State of Indiana, to the city of Chicago, in the State of Illinois. On said day, and for several years previous thereto, Martin C. Maroney was in the employment of said railway company, as a car inspector in the city of Lafayette, Indiana, at an average weekly wage of $17.50. Between said city of Lafayette and the town of Templeton, Indiana, the said railway company uses the tracks of the Lake Erie and Western Railway Company, under an operating agreement between the two companies, by which they loan and interchange their car inspectors and car repairers in emergency cases; that is, in the event that either of said companies has an accident on that part of the railroad tracks so jointly used by them, the company having such accident may call out the car repairers and inspectors of the other company to assist in clearing the tracks. *Under an agreement between the Big Four Company and its car inspectors and repairers, such inspectors and repairers, in case they are called by the other company, in a case of emergency, accident, are considered and treated as being on duty and on pay from the time they are called until they report to their home station at the completion of their work.* On the evening of January 24, 1917, the Lake Erie train No. 64 had a car derailed, due to a broken journal, on the joint track at Summit, Indiana, about two miles west of Lafayette, and between there and Templeton. Said train 64 "originated" at Peoria, Illinois, and was east bound, its destination being Tipton, Indiana. This train left Peoria, Illinois, at 2:45 p. m. January

24, 1917, and arrived at Tipton at 12:45 a. m., January 25, 1917. The derailment at Summit occurred in the course of this trip. The car derailed was A. T. & S. F. car No. 28610, loaded with corn, and was being transported from Peoria, Illinois, to Sandusky, Ohio. When said derailment occurred, the authorities of the Lake Erie and Western Railroad Company called the car inspectors and car repairers of the Big Four company to go to the place of derailment with their wrecker and assist in clearing the track. Martin C. Maroney was one of the Big Four company's inspectors called for said service. He was called over the telephone, and responded to the call, and while on his way from his home to the place where he should report for work, he was struck and instantly killed by a train of the Wabash Railroad Company, he having taken a short cut across the tracks of the latter company.

The statement adds that the exact circumstances of said death cannot be stated, but that *"it is admitted that he (decedent) was on his way to report for work in response to a call from the Lake Erie and Western Railroad Company's authorities, and under the terms of his employment with the Big Four Railroad Company, and that he was on pay at the time he was struck and killed."* That the latter company had actual knowledge of the said injury and death by and through its proper representatives and officers a few minutes thereafter. Other facts showing that decedent left a wife, who was solely dependent on him, that she claims compensation, and that the Big Four refuses payment, etc., are stated.

The questions of law submitted are: "1. Was the death of Martin C. Maroney due to an accident arising out of his employment with the Cleveland,

Cincinnati, Chicago and St. Louis Railway Company? 2. Upon the foregoing facts, would a finding by the Industrial Board of Indiana that Martin C. Maroney was not engaged in interstate commerce at the time of his death, be sustained by sufficient evidence? 3. Upon the foregoing facts, would a finding by the Industrial Board of Indiana that Martin C. Maroney was not engaged in interstate commerce at the time of his death, be contrary to law? 4. Upon the foregoing facts, was Martin C. Maroney employed in interstate commerce at the time of his death?''

The question when and under what circumstances the injury or death of an employe can be said to arise out of and in the course of his employment has been several times recently considered by this court. *United Paperboard Co.* v. *Lewis* (1917), 65 Ind. App. 356, 117 N. E. 276, and cases cited; *Haskell, etc., Car Co.* v. *Brown* (1917), 67 Ind. App. —, 117 N. E. 555.

The rules and tests generally recognized as controlling in the determination of said questions, and the decisions of courts of other jurisdictions helpful to such end, are there collected and cited. Under the rules and tests recognized in such decisions, the facts, *supra,* indicated as admitted, show clearly and certainly that decedent's death was the result of an accident received in the course of his employment, and they show with equal clearness and certainty that said accident grew out of his employment, unless the fact that decedent took a short cut to the scene of the work where his employment required him to go is a controlling fact which necessitates a contrary conclusion. Decedent's employment with the Big Four company, under the admitted arrangement between him and such company, required him in the emer-

gency indicated to respond to the call of the Lake Erie and Western Company, and to report for duty to the place of accident on the latter's track. Decedent's work under this arrangement was emergency work. The very character of it, and his duty with reference thereto, was such that he should be, and doubtless was, expected to report for duty at the earliest moment possible after his call, and his employer should, and doubtless did, expect him to take the shortest and most direct route thereto, though such route might expose him to dangers not present in one more circuitous. For these reasons we think the accident which resulted in decedent's death was one which his employer should be held to have anticipated might arise out of the emergency work required of him under his employment, and hence brings the case within the rule and test laid down in the cases *supra*.

The other questions, *supra*, submitted by said board require us to determine whether the deceased, when injured, was engaged in interstate commerce. Such question is one of law when the facts are undisputed. *Walker* v. *Chicago, etc., R. Co.* (1917), *ante* 165, 117 N. E. 969, and cases there cited. However, the statement of the board herein leaves some doubt in the mind of the board as to what the facts are in the instant case. In the case just cited this court had under consideration the question now being considered, and there indicated the test generally recognized as of controlling importance in the determination of said question. That case, and the cases there collected and cited, will, we think, aid the board in determining what facts will authorize a conclusion that the injured employe was engaged in

interstate commerce. See, also, *Lamphere* v. *Oregon Railroad, etc., Co.* (1912), 116 C. C. A. 156, 196 Fed. 336, 47 L. R. A. (N. S.) 1.

There is language in the statement of facts, *supra,* to the effect that the authorities of the Lake Erie and Western Company called the car inspector and car repairers of the Big Four company to go to the scene of derailment with their wreckers and assist in clearing the track; that decedent was one of the Big Four inspectors who responded to said call, and that, while on his way from his home to the place where he should report for work, he was struck and instantly killed, etc. This statement, when taken in connection with other statements, showing that the derailed train and car were engaged in interstate commerce, at least strongly, if not conclusively, shows that deceased when injured was proceeding under the call of the Lake Erie and Western Company "to do a designated specific act in the service of said company, to wit, to clear an interstate railroad track of a derailed car engaged in interstate commerce. Under such a state of facts, the case would be controlled by the following cases, among others: *Lamphere* v. *Oregon Railroad, etc., Co., supra; Walker* v. *Chicago, etc., R. Co., supra.*

On the other hand, said statement of facts contains what purports to be an admission of the parties which we have set out *supra,* and the portion of which pertinent to the question under consideration we have italicized, *supra.* This admission shows merely that decedent was on his way to report for work in response to a call from the Lake Erie company's authorities, and under the terms of his employment with the Big Four company. Nothing appears therein to in any way connect decedent's attempted

response to said call to duty with any specific act or work of interstate commerce. So far as said admission shows, decedent's going to the place of derailment in response to said call may have been the discharge of an independent duty imposed by his employment with the Big Four company, which might or might not be a part of or connected with commerce, either interstate or intrastate. Such being the state of the facts contained in the board's statement of facts, this court is of the opinion that it should not answer either of the last three questions, *supra,* but that such board should be left to draw its own conclusion in respect thereto in accord with the law as herein expressed, and as recognized and approved in the cases cited.

The board will, in any event, have to find the facts in the case upon the evidence before it, and file a statement thereof and rulings of law, and should the case come to this court in the regular way, the findings of the board will doubtless cure the infirmity indicated as appearing in said statement.

It follows from what we have said that decedent's going to the place of the derailment of said car in response to his call to duty by the Lake Erie company, was contemplated by, and was a part of his employment with, the Big Four company, and hence his injury, received while on his way, was the result of an accident arising out of and in the course of his employment. As to the last three questions submitted, we express no opinion, further than as already indicated.

NOTE.—Reported in 118 N. E. 134. Workmen's compensation: injuries arising out of and in the course of the employment, L. R. A. 1916A 40, 232, L. R. A. 1917D 114, Ann. Cas. 1913C 4, 1914B 498, 1916B 1293, 1918B 768.