## BROWN v. AMERICAN TILE AND POTTERY COMPANY.

[No. 14,428.   Filed November 18, 1931.]

*Ralph E. Roberts,* for appellant.

*Joseph H. Iglehart,* for appellee.

CURTIS, J.—This was an action before the Industrial Board of Indiana by the appellant for compensation for an injury alleged to have been received by him arising out of and in the course of his employment by the appellee.   The usual application was filed before the board and there was an answer of general denial.   The hearing was had before a single member of the board who

denied compensation. When the matter was taken before the full board, it also found against the appellant, and entered an order that he take nothing by his application. From this award, the appellant appealed to this court and has assigned as error the following: (1) "That the award of the full board is contrary to law"; (2) "that the award of the full board is contrary to the evidence submitted in this cause."

The board, in its finding, among other things, found "that any disability plaintiff may have had on and after the 30th day of April, 1930, was not the result of an accident arising out of and in the course of his employment with the above named defendant."

The appellant contends that, under the law requiring "that, on review, the full Industrial Board shall make an award and file same with a finding of facts on which the award is based" (Acts 1929 p. 536), the finding made by the full board as heretofore set out is not a sufficient finding of the facts as required by the law. This court, however, has heretofore in its decisions decided this contention adversely to the appellant. See *Muncie Foundry, etc., Co.* v. *Thompson* (1919), 70 Ind. App. 157, 123 N. E. 196; also, *Matlon* v. *Matlon* (1931), 32 Ind. App. 350, 175 N. E. 369. Where an award of compensation is made, then the finding must show that the claimant was an employee of the defendant; that he received an injury by accident; that the accident arose out of and in the course of the employment; the character and extent of such injury and the claimant's average weekly wage. See above authorities.

Our statutes require that, before an injury is compensable under the Indiana Workmen's Compensation Act, said injury must result from an accident arising out of and in the course of the employment. Where, as in the instant case, the full board,

after the usual formal parts of its finding, finds "that any disability plaintiff may have had on and after April 30, 1930 [the date of the alleged injury], was not the result of an accident arising out of and in the course of his employment with the above named defendant," it will constitute a sufficient finding of facts upon which to base an order denying compensation.

The appellant further contends that the award of the full board is contrary to law and is not sustained by sufficient evidence. We have read all of the evidence carefully and find that there is much in conflict, but we also find that there is ample evidence to sustain the finding of the full board. It is needless to say that this court will not weigh conflicting evidence and attempt to substitute its judgment thereon for the judgment of the Industrial Board.

The appellee strongly insists that there is a defect in the assignment of error in this court and that, by reason thereof, no question is presented. While, technically speaking, the appellee is correct, yet we have considered this case upon the merits.

Award is affirmed.