TRUSTEES OF INDIANA UNIVERSITY *v.* RUSH.

[No. 15,232. Filed September 25, 1934.]

*Corr & Bowen,* for appellant.

*Jess B. Fields,* for appellee.

SMITH, P. J.—This is an appeal from an award of the Industrial Board of Indiana in favor of appellee for compensation under the Workmen's Compensation Act for a permanent partial impairment to his person as a whole.

The application was filed on form No. 9, claiming total disability by reason of alleged injuries received by appellee on August 13, 1931, while in the employ of the appellant, which injuries were the result of an accident arising out of and in the course of appellee's employment.

Appellant assigns as error that the award of the full Industrial Board is contrary to law, which raises all questions presented.

We deem it advisable for a better understanding of the questions presented to set out the finding of facts

in full, and such portions of the award as are necessary, which findings and award are as follows:

"Come now the parties and submit the matters by brief and without argument and the Full Industrial Board of Indiana, having read the briefs submitted, having examined the record and considered the evidence taken in the original hearing, now finds: That on August 13, 1931, while in the employ of the defendant at an average weekly wage of Thirty Dollars plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention; that no accident report was filed with the Industrial Board of Indiana and no agreement, providing for the payment of compensation, was executed between the parties; that defendant has paid plaintiff compensation at the rate of $16.50 per week for a period of 112 weeks; that on August 7, 1933 plaintiff filed his application for the adjustment of a claim for compensation.

"It is further found that plaintiff's disability ended as of April 18, 1933, and that as a result of said accidental injury of August 13, 1931, plaintiff has suffered a 35% permanent partial impairment to the person as a whole.

### AWARD.

"It is further considered and ordered by the Full Industrial Board of Indiana that there is awarded plaintiff as against the defendant, compensation at the rate of $16.50 per week for one hundred and seventy-five (175) weeks, beginning with August 13, 1931; defendant to have credit thereon for one hundred and twelve (112) weeks previously paid."

Appellant challenges the sufficiency of the evidence to sustain the finding of facts, and the sufficiency of the finding of facts to sustain the award.

We have examined the evidence in this case as presented by the briefs and the record, and there is sufficient evidence to sustain the finding of facts by the board, and the facts as found by the board are sufficient to sustain the award. Although

the application was filed, alleging a total disability, the finding of the board was that appellee has suffered *a 35% permanent partial impairment to the person as a whole;* this finding of the board is sustained by the evidence, and the award is not contrary to law.

Appellant questions the finding of the board because the complaint sought compensation for total disability, and says that the finding of the board that the injuries to appellant resulted in a "permanent partial impairment" was not permissible under the complaint.

The Workmen's Compensation Act is to be construed liberally, in favor of the injured employee, and it is not contemplated by the Act that strict rules of procedure should be followed in its application. The application, even though alleging a total disability, is sufficient to permit the board to find a permanent partial impairment.

Furthermore, under the rule in civil procedure, amendments to pleadings which could have been made in the lower court will be considered by this court as having been made, so as to warrant the relief granted and do substantial justice between the parties. This has been the rule in civil procedure, and, while it is not necessary to invoke this rule in order to sustain the finding of the board under the application as filed in this case, still there is no reason why it should not be applied if necessary in an appeal from an award of the Industrial Board under the Workmen's Compensation Act, the same as in civil cases. This rule has been announced in the following: *International Harvester Co. of America* v. *Haas et al.* (1928), 88 Ind. App. 267, 163 N. E. 613; *Freas* v. *Custer* (1929), 201 Ind. 159, 166 N. E. 434; Ewbank's Manual (1900), section 254; Section 725, Burns Ann. St. 1926, Section 505, Baldwin's Ind. St. 1934.

Appellant also contends that the award is contrary

to law because, under the evidence, and facts as found by the board, appellee can recover only for permanent partial impairment for the injuries which he received to his feet and legs, and not for any permanent impairment to his body as a whole. This position of appellant is not tenable. The basis for recovery is under clause (h) of section 31, Workmen's Compensation Act 1929, which provides, after enumerating the compensation schedules for particular injuries, as follows:

"In all other cases of permanent partial impairment, compensation proportionate to the degree of such permanent partial impairment, in the discretion of the industrial board, not exceeding five hundred weeks." Section 9476, Burns Supp. 1929, Section 16407, Baldwin's Ann. St. 1934.

Appellant takes the position that the specific injuries to the feet and legs should control, and that no recovery could be had under clause (h) above set forth under the evidence and the facts as found by the board; that appellee should not be awarded compensation under the provisions of subdivision (h), *supra,* but by adding the items of permanent partial disability, as set forth in the schedule, together. Our court, in the case of *Lauritzen* v. *United States Reduction Company* (1922), 78 Ind. App. 293, 135 N. E. 390, discusses this question, and is authority for the action of the Industrial Board in awarding compensation in the instant case under said clause (h).

Another contention of appellant is that the finding of facts does not set forth the character and extent of appellee's injuries. It is the law that the finding of facts shall set forth the character and extent of the injuries received by the employee. This has been held many times by this court, and was reaffirmed recently in the case of *Brown* v. *American Tile and Pottery Company* (1931), 93 Ind. App. 344, 178 N.

E. 446. However, the evidence in this case clearly discloses how appellee received his injuries, the particular injuries which he received; and sets forth in detail the nature thereof, and their extent. When this court held that the Industrial Board must find the character and extent of the injuries received, it did not mean that a minute detail of all of the injuries of employee should be set forth. The reason for this rule is most apparent where an injury is inflicted which calls for compensation under the schedule for particular injuries, such as the loss of a hand or foot, and it would be necessary to characterize the injury as the loss of the hand or foot; but in this case the board found that appellee had suffered a 35% permanent partial impairment to his person as a whole, which, together with the statement that the permanent partial impairment was the result of an accidental injury received on a certain date in the course of appellee's employment, sufficiently characterizes the injuries and their extent, and is a compliance with the rule as laid down by this court.

While the evidence is not voluminous, still no good purpose could be served by setting the same out and unduly extending this opinion.

As we have said, there is ample evidence to sustain the finding of the board that appellee suffered an injury while in the employ of appellant; and that such injury was the result of an accident arising out of and in the course of his employment; that his average weekly wage was in excess of $30.00 per week; and that, as a result of said accidental injury, he suffered a 35% permanent partial impairment to his person as a whole.

The facts as found by the board are sufficient to justify the award, and it is not contrary to law.

No reversible error having been found, the award is affirmed, and the statutory 5% penalty shall be added thereto.