JOHNSON *v.* P. R. MALLORY COMPANY, INC.

[No. 17,529. Filed December 4, 1946.]

*Walter C. Reese,* of Shelbyville, for appellant.

*Ross, McCord, Ice & Miller, James V. Donadio* and *R. Stanley Lawton,* all of Indianapolis, for appellee.

HAMILTON, P. J.—This is an appeal from an award of the Full Industrial Board denying appellant compensation under the Indiana Workmen's Compensation Act.

On February 5, 1946, appellant's decedent, Forrest Johnson, filed with the Industrial Board of Indiana his form No. 9 application for benefits under the provisions of the Indiana Workmen's Compensation Act. In said application appellant's decedent alleged that an accidental injury alleged to have occurred on May 15, 1945, while he was in the employment of appellee, resulted in disability by reason of a dermatitis venanata caused by contact with chemicals during the course of the employment.

The hearing member found that plaintiff's condition was not the result of an accident arising out of and in the course of his employment. Upon appeal to the Full Industrial Board, the finding was for the defendant and against plaintiff on his Form 9 application and that "plaintiff's condition was not the result of an accident arising out of and in the course of his employment."

After the hearing before a single member, and prior to the hearing before the Full Industrial Board, the plaintiff, Forrest Johnson, died, and appellant was substituted as plaintiff, and she prosecutes this appeal.

The errors assigned in this court are: (1) That the award of the Full Industrial Board is contrary to law; and (2) that said award is not supported by sufficient evidence.

Under such assignment of error appellant alleges error by the Full Industrial Board in its action in overruling and denying appellant's written motion filed May 31, 1946, to strike out and reject all of the evidence and testimony given by one Dr. Emmett Lamb, a physician who testified as a witness for and on behalf of appellee at the hearing held before the single member of the Industrial Board. The facts relative to the motion are as follows: Appellant's application Form 9 was filed February 5, 1946; the hearing before the single member of the Industrial Board was held on April 10, 1946; the hearing before the Full Industrial Board was held on June 6, 1946; on May 31, 1946, appellant filed with the Full Industrial Board the following written motion which, omitting caption and signatures, reads as follows:

"The administratrix of the estate of Forrest Johnson deceased moves the Full Industrial Board of Indiana to strike out all the testimony of Dr. Lamb witness for the defendant in the above entitled cause offered and introduced in evidence be-

fore the hearing member of the Industrial Board of Indiana on the 12th day of April 1946.

"1. For the reason that the plaintiff did not have present at said examination of plaintiff a physician and that the said Dr. Lamb failed to furnish to the plaintiff a statement in writing forty eight hours before said hearing.

"2. That said evidence was not admissible and said physician could not testify before the Industrial Board of Indiana.

"Wherefore the plaintiff moves the Full Industrial Board of Indiana to strike out such evidence as given by Dr. Lamb upon hearing before the single member of the Industrial Board."

This motion was overruled by the Full Industrial Board on June 11, 1946.

It appears that Dr. Emmett Lamb, for and on behalf of appellee, as employer, had examined appellant's decedent, Forrest Johnson, on November 3, 1945, and, as such examining physician, Dr. Lamb failed and neglected to furnish to said Forrest Johnson a statement in writing of the conditions evidenced by the examination and all facts relative thereto which were reported by said Dr. Lamb to appellee as the employer at any time prior to 48 hours before the date set for the hearing of this cause before the single member of the Industrial Board, all as provided in § 2 of ch. 188, Acts of 1945, pages 580-583, § 40-1227, Burns' 1940 Replacement (Supp.).

Assuming, without deciding, that the appellant is correct in her contention that the Full Industrial Board erred in overruling the motion to strike out and reject the evidence of Dr. Lamb, we are constrained to hold that such ruling was harmless error in view of the undisputed evidence in the record, and the finding of the Full Industrial Board to the effect that the plaintiff's condition was not the result of

an accident arising out of and in the course of his employment.

It is fundamental that the burden rested upon the plaintiff to establish, among other things, two essential facts, to wit: (1) That the plaintiff received an accidental injury; and (2) that a causal connection existed between the plaintiff's condition which caused his disablement and his employment. In determining whether the appellant discharged such burden, it was within the exclusive province of the Industrial Board as the trier of the facts to determine the facts and to draw all legitimate inferences from the facts and circumstances proved, and upon appeal this court will assume that the Industrial Board drew those inferences which are in harmony with and support the award. *Brown* v. *American Tile and Pottery Co.* (1931), 93 Ind. App. 344, 178 N. E. 446; *Mowatt* v. *General Engineering and Sales Co.* (1939), 106 Ind. App. 345, 19 N. E. (2d) 488; *Shepherd* v. *Washington Park Cemetery Assn.* (1933), 97 Ind. App. 455, 186 N. E. 356.

Eliminating the testimony given by Dr. Lamb, an examination of the record discloses that there is evidence to establish the following facts: The decedent, Forrest Johnson, testified that during the month of May, 1945, he was employed by the appellee as a janitor doing general cleaning work at night. That appellee made batteries, parts of radios and so forth; that different kinds of chemicals were used in the rooms he cleaned, consisting of potassium cyanide, mercury of lead, vitrolite, and powders of different kinds, which made a lot of dust. He developed a breaking-out on his legs right below his knees down to above his ankles; that the skin died and peeled off; that he woke up June 1, 1945, feeling sick, weak, and nauseated and his legs were swollen. He did not work during the period from June 1, 1945, until

September, 1945, at which time he returned to work for appellee and did the same janitor work of cleaning up dust and powder. He testified that he consulted a Dr. Inlow in June, 1945; that he had syphilis and had been under treatment for such disease since September, 1944. He also stated that he had seen a doctor in Ohio who diagnosed his condition as a myocarditis and infection of the limbs. The Ohio physician prescribed heart medicine, sedatives, and vitamin capsules, which he was taking at the time of the hearing before the single member of the Industrial Board.

Dr. Inlow testified that he saw the decedent in June, 1945, and was of the opinion that the decedent had a dermatitis venanata, which is an eruption caused by some external irritant which the individual has contacted and to which he is sensitive. Dr. Inlow stated that he was unable to say whether the dermatitis was caused by something the decedent had come in contact with at his work or by something he had contacted in the ordinary pursuits of life. The doctor stated that he did not determine what agent had caused the dermatitis although he could have ordinarily isolated the agent by means of a patch test. The doctor testified further that on June 1, 1946, he had been treating the decedent for hematuria, or blood in the urine. The doctor stated that, ordinarily, contact dermatitis will clear up if the patient is taken away from the irritant as, ordinarily, it is a self limited disease. He stated that in his opinion the condition of the decedent in September, 1945, was a continuance of the condition which had existed in June, 1945, but in a chronic stage instead of inflammatory state as in June.

In our opinion, the foregoing evidence, irrespective of the evidence of Dr. Lamb, is sufficient to sustain the

finding of the Full Industrial Board that the appellant's decedent did not receive 'an accidental injury within the meaning and purview of the Indiana Workmen's Compensation Act. *General Printing. Corp.* v. *Umback, Admx.* (1935), 100 Ind. App. 285, 195 N. E. 281; *Brewer* v. *Veedersburg Paver Co.* (1931), 92 Ind. App. 547, 177 N. E. 74.

The award of the Full Industrial Board is not contrary to law and is supported by sufficient evidence, and, therefore, must be affirmed.

Award affirmed.

NOTE.—Reported in 69 N. E. (2d) 757.