EMMONS *v.* WILKERSON ET AL.

[No. 17,948. Filed December 27, 1949. Rehearing denied February 24, 1950.]

*William P. Dennigan,* of Vincennes, for appellant.

*Crawford & Crawford,* of Terre Haute, for appellees.

BOWEN, J.—This is an appeal from an award of the Full Industrial Board denying compensation for temporary total disability for injuries sustained by appellant. Issues were formed on appellant's application for compensation and a general denial for appellees. The hearing member found in favor of appellant, and on appeal to the Full Industrial Board, the board made a finding and award that the appellant was in the employment of the appellee at an average weekly wage of $27.69; that appellant sustained personal injuries by reason of an accident on the date alleged in appellant's application, but that said accident did not arise out of and in the course of appellant's employment with the appellees. The board found for the appellees and against appellant on his application for compensation.

Errors assigned for reversal are that the award of the Full Industrial Board is contrary to law and is not sustained by sufficient evidence. Appellant's assignment of error questions the finding and award of the Full Industrial Board that the accidental injuries sustained by appellant did not arise out of and in the course of his employment with appellees.

In passing upon appellant's assignment of error, we must disregard all evidence which is unfavorable to the finding of the Industrial Board and consider only the favorable evidence and reasonable inferences supporting such finding. With this rule in mind and considering the evidence most favorable to appellees, there was evidence in the record from which the Industrial Board could have properly found the following facts: That the accident, out of which

the injuries resulted to appellant, occurred sometime after 11:30 p. m. or 12:00 midnight while the appellant was driving alone in his automobile toward his home which was located ten miles south of Vincennes, Indiana, after a sales meeting at his employer's place of business in the City of Vincennes, Indiana. The accident occurred about seven miles south of Vincennes, when a man named Carl Rosenberg driving an automobile in the opposite direction toward Vincennes crossed the center line of the highway, and drove into the car of appellant, causing him serious injuries. Keith Emmons, appellant in this case, was employed by appellees, Robert and Mildred Wilkerson, partners, who were engaged in the business of selling auto parts, which business was conducted at 402 North Seventh Street in the City of Vincennes, Indiana. The appellant was employed by appellees in accordance with the G. I. Bill of Rights Program under which contract of employment, the appellees were to pay him $120.00 per month and the United States Government $80 per month. He was employed as a stockman or counter man, but his duties consisted of checking merchandise and delivering merchandise over the City of Vincennes, Indiana; that he was to also take orders and make delivery of auto parts outside of the City of Vincennes, Indiana. The appellees held sales meetings in their place of business, which meetings were held as often as the management saw fit, and at least one a month, to train their employees under the G. I. Bill of Rights Program in salesmanship. The appellant was required by the management to attend these sales meetings. There was such a meeting called in the employer's place of business on the night that appellant suffered the accidental injuries. This meeting began about 8:30 p. m. and ended some time between 11:30 p. m. and 12:00 midnight. After the meeting was over, the

appellant started home in his car and suffered the accidental injuries as heretofore related herein. On the subject of appellant's activities at the time that he sustained the injuries in question he testified as follows:

"Q. And after the meeting adjourned there was nothing for you to do but go home?

A. There was nothing to do but go home, right sir.

Q. And at the time then that this accident happened you were on your way home?

A. Yes, sir.

Q. Simply for your night's rest?

A. Yes, sir.

Q. The same as if you had been on your way for supper or lunch in the daytime, were you?

A. For my night's rest, yes, sir, I was on my way home.

Q. You had no mission or duty of any kind for the employer to perform after twelve o'clock at night on the 9th of June and at the time you had this accident, did you?

A. No, sir, after I left the meeting I was free until eight o'clock the next morning.

Q. You had no mission or duty for the employer at the time of this street auto accident on the morning of June 9th?

A. No, sir."

The appellee, Robert Wilkerson, testified as follows:

"Q. Now, referring to the night of this sales meeting that you have described, Mr. Wilkerson, it adjourned somewhere around eleven thirty, twelve o'clock?

A. Yes.

Q. Tell the Board whether or not after that meeting adjourned that night Mr. Emmons had any duty of any character, whatsoever, to perform for the employer until eight o'clock the next morning, the regular working hour?

A. No, he didn't.

Q. And did he have any duties that would require him to attempt to sell products that you handle after midnight on a country road seven miles south of town?

A. I would say ordinarily that if the occasion presented itself to sell, it would have been all right, it wasn't expected.

Q. Was he directed to go down there on this road on his way home and attempt to sell your products that night that he was injured?

A. No, sir.

Q. You wouldn't expect him to find customers on his road home on a country highway after midnight, would you?

A. It would be unusual.

Q. You wouldn't expect it, would you?

A. No.

Q. You wouldn't direct him to try to search out customers after midnight on a country highway, would you?

A. It wouldn't be expected."

The question involved in this appeal is whether under the above circumstances the appellant sustained personal injuries which arose out of and in the course of his employment. Whether or not an employee being injured in an accident, in going to or from the place of his employment, sustains accidental injuries which can be said to arise out of and in the course of his employment depends upon the particular facts and circumstances of each case. The recorded cases present some confusion, and there must necessarily be a line beyond which the liability of the employer does not continue, and the question as to where that line is to be drawn has been held to be usually one of fact. 1 *Schneider on Workmen's Compensation Law* (2d Ed.), § 266, p. 776; *Bowen* v. *Keen* (1944), 154 Fla. 161, 17 So. 2d 706.

An accident occurring while an employee is going to or returning from his place of employment, or which occurs while the employee is engaged on a personal mission or errand, not connected with the duties of his employment, is not within the protection afforded employees by the Indiana Workmen's Compensation Act. *McFarland* v. *Commonwealth Life Ins. Co.* (1939), 107 Ind. App. 13, 22 N. E. 2d 881; *Morgan* v. *United Taxicab Co.* (1938), 105 Ind. App. 340, 14 N. E. 2d 736; *Forman* v. *Chrysler Corp.* (1936), 102 Ind. App. 408, 2 N. E. 2d 806; *Casagne* v. *Snow Hill Coal Corp.* (1940), 107 Ind. App. 556, 24 N. E. 2d 795.

There is an exception to the general rule, in that, an employee, while he is performing, or is on his way home after performing, or is on his way from his home to perform some special service or errand, or some duty incidental to the nature of his employment in the interest of, or under the direction of his employer, sustaining an accidental injury, is considered to have suffered an injury arising out of and in the course of his employment. *Williams* v. *School City of Winchester* (1937), 104 Ind. App. 83, 10 N. E. 2d 314; *Kyle* v. *Greene High School* (1929), 208 Iowa 1037, 226 N. W. 71; *Mann* v. *Board of Education* (1934), 266 Mich. 271, 253 N. W. 294.

We must determine whether the evidence in the instant case leads to but one reasonable conclusion that the appellant in the instant case came within the foregoing exception to the general rule.

The sales meetings which appellant was required to attend were a part of his contract of employment. The meeting in question was held at the employer's place of business where he worked regularly. The meeting was held in the evening. The evidence does not show that the appellant employee was acting under the direction of the employer from the

time of the close of the day's work until the meeting in the evening, nor does the evidence disclose that between the end of the day's work and the meeting in the evening that the employee was engaged in the solicitation of orders for auto parts, or any work incidental to his employment. The Board under all the circumstances could have properly concluded that the requirement of appellant's attendance at this sales meeting by his employer at his regular place of employment did not constitute the sending of appellant on a special service or errand so as to make an accidental injury suffered in going to and from such meeting one which could be said to have arisen out of and in the course of his employment.

Was appellant, then, in going to his home after the meeting, without reasonable question, engaged in an activity incidental to his employment within the rule set forth in the foregoing cases, since part of his work consisted in the solicitation and delivery of orders outside the City of Vincennes, Indiana? The appellant himself testified that after the meeting there was nothing for him to do except go home for his night's rest. That he had no mission or duty of any kind to perform for the employer at the time he had the accident. The employer testified that the appellant had no duties of any character, whatsoever, to perform for the employer after the meeting adjourned until the following morning, and that the employer would not expect him to search out customers on a county highway after the meeting.

Under the evidence, the Board was justified in holding that in going and returning from his regular place of employment in the evening for the sales meeting, which was a part of his regular duties under his contract of employment, where the employer had not directed his activities in the interim, and where it is not

shown that he was engaged in any activity incidental to his employment before or after this meeting, he did not suffer an accidental injury arising out of and in the course of his employment, when he was injured on the highway while returning from this meeting.

The evidence was clearly sufficient to sustain the award of the Full Industrial Board, and the award was not contrary to law. A finding of fact by the Full Industrial Board is conclusive when supported by competent evidence and an award based thereon will not be disturbed on appeal. *Bell* v. *Goody, Goody Products Co.* (1945), 116 Ind. 181, 63 N. E. 2d 147; *Johnson* v. *P. R. Mallory Co.* (1946), 117 Ind. App. 119, 69 N. E. 2d 757; *Logan* v. *Acme Mach. Prod. Co.* (1942), 110 Ind. App. 556, 39 N. E. 2d 797; *Lee* v. *Oliger* (1939), 107 Ind. App. 90, 21 N. E. 2d 65; *Kunkler* v. *Mauck* (1940), 108 Ind. App. 98, 27 N. E. 2d 97.

We find no reversible error, and the award is, therefore, affirmed.

NOTE.—Reported in 89 N. E. 2d 296.