CITY OF CONNERSVILLE ET AL. *v.* ADAMS.

[No. 18,160.  Filed April 12, 1951.  Mandate modified May 24, 1951.]

*Albert P. Heeb,* of Connersville, and *Frank Hamilton,* of Greensburg, for appellants.

*Phillip Badell,* of Rushville, for appellee.

CRUMPACKER, J.—This is an appeal from an award of the Industrial Board of Indiana wherein the appellee was granted compensation for injuries he is alleged to have suffered as the result of an accident arising out of and in the course of his employment by the appellant. The appellee's answer brief was due, under the rules, on February 20, 1951, but to this date he has not seen fit to favor us with one nor has he, upon any occasion, asked us for additional time. The burden of controverting the appellants' contentions and arguments for reversal properly rests upon counsel for the appellee and we will not assume it. *Miller* v. *Julian* (1904), 163 Ind. 582, 72 N. E. 588. It is settled law in this state that the failure of an appellee to file a brief controverting the errors complained of by an appellant may be taken as a confession of such errors and the judgment may accordingly be reversed

if the appellant's brief makes an apparent or prima facie showing of reversible error. *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *Associates Investment* v. *Snyder* (1949), 119 Ind. App. 20, 83 N. E. 2d 622; *Huffman* v. *Huffman* (1947), 117 Ind. App. 601, 75 N. E. 2d 172; *Bryant* v. *School Town of Oakland City* (1930), 202 Ind. 254, 171 N. E. 378, 173 N. E. 268; *Reed, Admr.* v. *Brown* (1939), 215 Ind. 417, 19 N. E. 2d 1015.

We have examined the appellants' brief with care and are convinced that it makes a prima facie showing for reversal in at least one particular. The record discloses no evidence as to the appellee's average weekly wage and therefore the Industrial Board had no basis for fixing compensation in any amount. Proof of the appellee's average weekly wage was essential to an award of compensation and the burden rested upon him to establish such fact. This requires a reversal of the award. *Pearson Company, Inc.* v. *McDermid* (1941), 109 Ind. App. 228, 31 N. E. 2d 642; *Brown* v. *American Tile & Pottery Co.* (1931), 93 Ind. App. 344, 178 N. E. 446.

It is so ordered.

NOTE.—Reported in 98 N. E. 2d 230.

## MODIFICATION OF MANDATE

CRUMPACKER, J.—The authorities that prompted us to reverse this case require us to remand it to the Industrial Board without prejudice. This we failed to do and it is therefore now ordered that this cause be remanded to the Industrial Board for such further proceedings as it sees fit to take not inconsistent with this opinion.