## MOORE ET AL. *v.* HILL ET AL.

[No. 18,100. Opinion on Petition for Writ of Mandamus filed April 13, 1951. Opinion on Merits filed December 7, 1951.]

*Kelley, Arnold & Kelley;* and *Vincent Kelley,* of Anderson; *Walter R. Robertson,* of Brownstown, for appellants.

*John M. Lewis,* of Seymour, for appellees.

OPINION ON PETITION FOR WRIT
OF MANDAMUS

WILTROUT, C. J.—A petition for writ of mandamus was filed by the State, upon the relation of appellants,

naming the judge, the clerk, and the reporter of the Jackson Circuit Court as respondents. This petition alleges that appellants filed an action in ejectment against appellees in the Jackson Circuit Court; that appellees filed an answer thereto and a cross-complaint to quiet title; that the cause was submitted to the court for trial; that at the conclusion of appellants' evidence the court, upon motion of appellees, entered a finding and judgment against appellants. It is further alleged that the court then proceeded to hear evidence on the issues presented by the cross-complaint and, after holding the case under advisement for several months, entered a finding and judgment for appellees on their cross-complaint. Appellants, following the first judgment, and prior to the entry of the second judgment, filed their motion for a new trial. This was overruled and appellants prosecuted an appeal, which is still pending in this court. Following the entry of the second judgment appellants filed a second motion for new trial, which was also overruled, and appellants are attempting to appeal. They filed their praecipe with the clerk of the court and caused a bill of exceptions containing the evidence to be prepared.

It is alleged that the bill of exceptions containing the evidence was tendered to the judge, but that he refused to sign and approve the same, refused to make an entry showing the tender, and that the court reporter, upon direction of the judge, refuses to sign a certificate certifying to the transcript of the evidence as prepared by her.

We now have before us the returns of the judge of the Jackson Circuit Court and the returns of the clerk and reporter thereof. We also have the response of the relators to the returns of the judge and reporter. From these it appears that a question has arisen as to whether

the bill of exceptions should contain all the evidence introduced in the entire case, or only that introduced after the finding and judgment for appellees on appellants' complaint.

We have concluded that all the evidence in the case should be brought before us, in order that the parties to the case below may fully present their respective contentions.

It is therefore ordered that the respondent, the Honorable George H. Gossman, as judge of the Jackson Circuit Court be, and he hereby is, ordered to sign, or correct and sign, the bill of exceptions containing all the evidence in the case upon the same being tendered to him. It is further ordered that said bill of exceptions include all the evidence, including that relating to the issues formed on appellants' complaint in ejectment as well as that relating to the issues formed on the cross-complaint.

It is further ordered that the respondent Edna Schneider, Reporter of the Jackson Circuit Court, execute her certificate to the transcript prepared by her, as required by § 4-3505, Burns' 1946 Replacement, when the same is presented to her, said certificate to cover all the evidence in the case, whether offered as to the issues under the complaint or the cross-complaint.

A certified copy of this opinion, duly served upon said judge and reporter, shall be considered the mandate of this court without special writ.

NOTE.—Reported in 98 N. E. 2d 189.

## OPINION ON THE MERITS

WILTROUT, P. J.—Appellants filed their action in ejectment against appellees. Appellees filed their an-

swer to the complaint and also what is designated as a cross-complaint to quiet title to the real estate involved.

The cause was submitted to the court for trial. At the conclusion of appellants' evidence, the court, upon motion of appellees, entered a finding and judgment against appellants upon their complaint. Further evidence was heard and after having the matter under advisement for a few months, the court entered judgment in favor of appellees on their cross-complaint.

Appellants filed a motion for new trial following each of such judgments. Appeals from both judgments have been consolidated for briefing.

Appellees have not filed a brief in support of the judgments in their favor. Appellants' brief, in our opinion, makes an apparent or prima facie showing of error.

The questions presented by appellants are of such a nature that, in our opinion, we should not pass upon them in the absence of a brief from appellees.

For the reasons stated in *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *Associates Investment Co.* v. *Snyder* (1949), 119 Ind. App. 20, 83 N. E. 2d 622; and *City of Connersville* v. *Adams* (1951), 121 Ind. App. 353, 98 N. E. 2d 230, and upon the authority of those cases, the judgments are reversed and cause remanded with instruction to grant appellants a new trial on all issues in this case, including those presented by the complaint and the cross-complaint.

Bowen, C. J., dissents with opinion.

DISSENTING OPINION

BOWEN, C. J.—I cannot agree with the majority opinion in this case.

The court below sustained the appellees' motion for a judgment which was based on the grounds that the appellees had failed to show possession of said premises either in themselves or in any preceding grantor in their chain of title.

It is undisputed that the record does not show possession in appellants. The appellants are claiming as a remote grantor of the appellees, and the record does not show that at or near the time the appellees made a deed to the grantors of appellants that the appellees were then in possession of such premises.

The appellants in their brief concede the rule that where plaintiff in ejectment relies upon a record or paper title, he must show a regular chain of title from the government or some grantor in possession, or he must trace his title from the common source from which he and his adversary claim. But no length of chain or paper title which does not reach the sovereignty of the soil is sufficient in itself to constitute prima facie evidence of title; there must, in addition, be sufficient proof that at least one of the grantors had been in possession of the premises at or near the time of his grant, citing 18 Am. Jur. 27, § 25.

In my opinion, the record and the briefs of appellants do not disclose a prima facie showing of error, and this court, under the circumstances shown by the record, should order the filing of a brief on behalf of appellees, and this cause should not be summarily reversed by reason of the failure of the appellees to file a brief.

NOTE.—Reported in 102 N. E. 2d 208.