136 Ind. App. 636 (1965)
204 N.E.2d 225
KAISER ALUMINUM CHEMICAL CORPORATION, FOIL KRAFT DIVISION
v.
SCHALTON.
No. 20,145.
Court of Appeals of Indiana.
Filed February 10, 1965.
*637 James H. Pankow, James, Obenchain, Johnson, Ford & Pankow, of South Bend, for appellant.
Alvin D. Blieden, of Michigan City, for appellee.
CARSON, J.
This is an appeal from an award of the Industrial Board of the State of Indiana. The full *638 board included in its award a finding which reads in the following words:
"That on or about November 10, 1961, plaintiff was in the employ of the defendant at an average weekly wage in excess of $65.00; that on said date he sustained personal injuries by reason of an accident arising out of and in the course of his employment by defendant herein, of which said accidental injury defendant had knowledge but did not furnish the statutory medical attention and supplies; that the said accidental injury consisted of an aggravation of a pre-existing condition;
That as the result of said accidental injury plaintiff was temporarily totally disabled from November 10, 1961, to June 15, 1962, on which said last date plaintiff's temporary total disability on account of said accidental injury terminated and he was able to return to work.
It is further found that the said plaintiff's injury has not reached a permanent and quiescent state as of the date of this hearing."
Then awarded compensation to the injured employee which award reads as follows:
"IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED by the full Industrial Board of Indiana that there be awarded plaintiff as against the defendant compensation at the rate of $39.00 per week, for a period beginning the 10th day of November, 1961, to the 15th day of June, 1962, for plaintiff's temporary total disability on account of the said accidental injury.
It is further ordered that all deferred payments of compensation shall be brought up to date, paid in cash and in a lump sum.
It is further ordered defendant pay the following medical expenses incurred by plaintiff as a result of his said accidental injury:

 Dr. John Anthony Valantiejus, $75.00
 Two back braces, 29.94
 Dr. Benz 3.00
 St. Anthony's Hospital,
 Michigan City, Indiana 142.55

*639 It is further ordered defendant pay all costs, if any, taxed in said cause.
It is further ordered that all compensation by virtue of this award be paid by defendant direct to plaintiff, except as hereinafter ordered.
It is further ordered that the fees of plaintiff's attorney shall be: a minimum sum of $25.00, and in addition thereto, 20% upon the first $1,000 recovered, 15% upon the second and third $1,000 recovered, and 10% upon all sums recovered in excess thereof; said fees to be paid by defendant direct to plaintiff's attorney, Alvin D. Blieden, with credit to the defendant against the compensation herein awarded plaintiff for all sums paid out as attorney fees in accordance with this award."
From this award the defendant filed his appeal in this Court and made the following assignments of error:
"1. The award of the Full Industrial Board of Indiana is contrary to law.
2. The award of the Full Industrial Board of Indiana is not supported by sufficient evidence.
WHEREFORE, the appellant prays that the award of the Full Industrial Board of Indiana may be in all things reversed."
In the argument portion of the appellant's brief three points are urged which are as follows:
"POINT 1: The award does not contain a sufficient finding as to the character and extent of the aggravation of a pre-existent condition.
POINT 2: There is no evidence from which the Full Industrial Board could have found:
(a) Appellee sustained an `accident'; or
(b) Appellee's disability resulted from an accident arising out of and in the course of his employment with appellant.
POINT 3: The Full Industrial Board erred in failing to rule upon appellant's written renewal of offer of Exhibit 3 (testimony of hearing of 1960 claim) into evidence and appellant's application to submit additional evidence."
*640 We shall consider these points in the order presented.
In examining the form 9 filed by the claimant we find that paragraph 5 and 6 described in detail the nature of the work that was being performed by the claimant at the time of the injury; that paragraph 12 described the pre-existing condition namely, "right herniated L-4, 5, nucleus pulposus." The allegations contained in said application were deemed denied by the appellant under rule 10 of the Industrial Board. Considering the form 9 application as analogous to a complaint, it appears to us that the character of the work, the description of the accident and the pre-existing condition, were definitely in issue before the board. If there is any evidence before the board which would furnish proof or support reasonable inferences of these allegations then points 1 and 2 of the appellant's argument are without merit.
It has long been the rule that where there is evidence either directly or from which reasonable inferences can be drawn which tend to sustain the award, that the award will be sustained and we do not weigh the evidence. Kaiser v. Happel (1941), 219 Ind. 28, 36 N.E.2d 784; Jeffersonville Boat & Machine Co. v. Rager (1946), 116 Ind. App. 521, 65 N.E.2d 638; Emmons v. Wilkerson et al. (1949), 120 Ind. App. 100, 89 N.E.2d 296; Johnson v. P.R. Mallory Co. (1946), 117 Ind. App. 119, 123, 69 N.E.2d 757. We also call attention to the fact that assignment of error number 1 is a sufficient assignment of error and presents all questions for review, and the only requirement of the appellant is that he support this assignment by the argument portion of his brief. 28 West's Ind. D. § 1906 and cases therein cited.
*641 An examination of the evidence contained in the appellant's brief leads to the conclusion that the findings of the Industrial Board and the award are adequately sustained by the record and we deem it unnecessary under the authorities of this Court to set out such evidence and unnecessarily lengthen this opinion. We apply the rule in the case of Trustees of Indiana University v. Rush (1934), 99 Ind. App. 203, 208, 192 N.E. 111, where Judge Smith said:
"While the evidence is not voluminous, still no good purpose could be served by setting the same out and unduly extending this opinion."
Appellant's argument that the finding of "aggravation of a pre-existing condition" is so indefinite as to not protect the appellant in connection with further compensation of liability is in our mind an unsound argument. The issues raised by the claim filed and the evidence adduced in support thereof do in our opinion make the finding of the board res adjudicata as to any further claims as to this same condition.
In our opinion the failure of the board to rule on appellant's request to accept into evidence appellant's exhibit 3, being the testimony of a hearing on a 1960 claim between the same parties, was erroneous. It is not possible to determine whether the board took judicial notice of its record in the prior hearing and such failure to rule makes an incomplete record in this case. We have had, however, the opportunity to examine the offered exhibit since it is included in the appellant's brief and from such examination we conclude that it would not have changed the result and therefore the action of the board even though erroneous was harmless.
*642 In our opinion there is ample evidence to support the finding and award of the full board and the same is affirmed.
Judgment affirmed.
Faulconer, C.J., and Prime, J., concur.
Martin, J., not participating.
NOTE.  Reported in 204 N.E.2d 225.