JORDAN v. JOHNSON.

[No. 20,407. Filed November 18, 1965.]

---

*Paul B. Huebner,* of Hammond, for appellant.

*Glenn W. Springmann,* of Gary, for appellee.

HUNTER, J.—This is an appeal from the Lake Juvenile Court wherein the appellant in his assignment of errors states the court erred as follows:

"1. The Lake Juvenile Court erred in sustaining appellee's Demurrer to appellant's Petition to Set Aside; said petition of appellant clearly and directly stated sufficient facts to set aside the prior order and judgment of paternity, to-wit: a mistake in fact as to his very capacity to have any children whatever.

2. The Court failed and refused to rule upon appellant's motion to docket his Petition to Set Aside as a new and separate cause."

The salient facts necessary to our consideration of this appeal are as follows: appellant, Selvis Jordan, on February 17, 1964 voluntarily petitioned the Lake Juvenile Court to establish his paternity of a child born of Cauther Johnson. Jordan thus consented to the rendition of a paternity judg-

ment decreeing his paternity of the child and ordering support and other payments to be made.

Approximately a year later, the appellant came before the lower court again. The record as set out by the appellant in his brief states:

"Comes now Defendant and petitions the Court to set aside the order of March 17, 1964, and moves that said petition be docketed as a new and separate cause; which said Petition is in these words:"

This petition essentially alleged the following:

(1) The order of March 17, 1964 is based upon a consent agreement wherein Jordan admitted the paternity of a child born of Cauther Johnson on January 7, 1964.

(2) That Jordan entered into such agreement on the *mistaken belief* that he was capable of procreation.

(3) That in fact Jordan is now and has been incapable of having children since 1959, for the reason that he was sterile, such fact being medically established.

Appellant then prayed that the order be set aside.

Attached to the petition and made a part thereof was exhibit A, which is a letter addressed to appellant's attorney signed by Philip J. Rosenbloom, M.D., which verbatim is as follows:

"Philip J. Rosenbloom, M.D.
Gary, Indiana

January 23, 1965

Mr. Paul Huebner,
5231 Hohman Avenue,
Hammond, Indiana.

My Dear Mr. Huebner:

At the suggestion of Mr. Selvis Jordan, 1114 Merrill St., Hammond, Ind. I am sending you this report with reference to an examination which I made on Mr. Jordan on Jan. 11, 1965, of a specimen of semen which was obtained from him by his own efforts in my office and under my surveillance.

The specimen was entirely negative for active spermatoza, and was considered an entirely sterile ejaculate.

Both in 1959 and in 1960, when he was married to another wife, I had reason to examine him because of his wife's childlessness, and at that time found similar results.

I considered him then, and still consider him now entirely sterile and unable to procreate any children at all.

Very truly yours,
(Signed) Philip J. Rosenbloom, M.D."

On March 25, 1965 appellee, Cauther Johnson, filed a pleading entitled: "Demurrer to Petition to Set Aside." This pleading alleged that:

"(1) The petition does not state facts sufficient to grant the relief sought.

(2) The Court has no jurisdiction of the subject matter of this petition."

The lower court sustained the demurrer without taking any action on the appellant's motion to docket the petition as a new and separate cause. Consequently, the appellant brought this appeal, assigning errors as set forth above.

We note at this point that the appellee has failed to file a brief in support of the trial court's judgment.

This court and our Supreme Court have recognized that where the appellant makes an apparent prima facie showing of error and the appellee fails to file a brief in support of a judgment in his favor, the judgment may be reversed without prejudice to either party with instructions for further proceedings. *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. 2d 343; *Moore et al.* v. *Hill et al.* (1951), 121 Ind. App. 686, 102 N. E. 2d 208. This rule is for the benefit of the court and not for the benefit of the appellant. In *Meadows* v. *Hickman, supra,* the court stated at p. 147:

"The rule herein announced is not for the benefit of the appellants but for the protection of the court and whether it shall be invoked is discretionary with the court."

Even if a prima facie showing of error is made, the court may in its discretion consider the questions of errors of law presented in appellant's brief and decide the case on its merits. *Ralston* v. *Ryan* (1940), 217 Ind. 482, 29 N. E. 2d 202.

Due to the fact that a question of procedure under a statute is presented by this appeal, we do not feel that there should be any doubt as to our reasoning in this cause. If we were to say that the appellant has made a prima facie case of error and that since the appellee has not filed a brief, we find for the appellant; there could remain some doubt as to the procedure required under the statute presented.

> We will first consider the appellant's second assignment of error, to-wit: that the lower court failed and refused to rule on the appellant's motion to docket his petition as a separate cause of action.

In considering this appeal, we have been unable to discover any statutory provision within § 3-623 et seq., Burns' 1946 Replacement which specifically provides a remedy for the circumstances herein. This statute in § 3-640, Burns' 1946 Replacement gives the right of a new hearing if filed within ten (10) days after the finding of the court but this time has passed.

In lieu of this we have examined § 2-1068 Burns' 1946 Replacement, asserted by the appellant in his brief, which in part states:

> "The court shall relieve a party from a judgment taken against him through his *mistake,* inadvertence, surprise, or excusable neglect, on a complaint filed and notice issued, as in original actions within two (2) years from and after the date of the judgment, . . . Acts 1881 (Spec. Sess.), ch. 38, § 135, p. 240; 1921, ch. 115, § 1, p. 277; 1941, ch. 72, § 1, p. 185." (our emphasis)

It has been held that this statute is not limited to default judgments. *Globe Mining Co.* v. *Oak Ridge Coal Co.* (1931), 204 Ind. 11, at p. 16, 177 N. E. 868:

"It is true that under this section of the statute default judgments may be set aside, *but there is nothing limiting it to defaults.* In the case of default judgments it is held that the complaint or petition must show a meritorious defense to the action, but manifestly that is not applicable where the defense has already been made. Where there is a positive showing of error by fraud, accident or mistake the judgment will be set aside and where it is shown by facts such as here shown that a party has had its right to have the judgment reviewed by the trial court, as well as its right of appeal, cut off by fraud, accident or mistake, it would be unjust and inequitable not to grant it relief." (our emphasis)

As this case illustrates the statute has been used in the majority of cases principally to set aside default judgments, however there is nothing in the language of the statute to give it such an exclusive application. In the language of the Supreme Court as noted above, we hold that this statute can be applied to a case such as the one presented on this appeal, if the remaining provisions are satisfied.

The appellant alleges that a mistaken belief existed for the reason he believed himself to have been the father of the appellee's child when in fact at the time of conception of this child he was sterile. This is supported by a doctor's statement set forth above. We are of the opinion that this constitutes a mistake as referred to by the above statute. *Wellinger* v. *Wellinger* (1906), 39 Ind. App. 60, 79 N. E. 214. It further qualifies since this fact was presented within the two years allotted by the above statute.

However, the question remains as to what is the proper procedure under the statute. Can it be raised by a petition in the original cause as in this appeal, or must it be raised as the appellant contends under a new cause of action? Although the appellee raised this question by his demurrer, by stating in his memorandum that the court is without jurisdiction since the petition was not filed as a separate cause of action, the appellant had previously petitioned and moved the court to docket his petition as a new cause of action. The

court did not rule on the appellant's motion, but did entertain a demurrer on the petition. Consequently, the lower court must have considered the petition as the proper procedure for raising the statute rather than by a new and separate cause of action.

Therefore, we must look to the cases arising under default judgments for the proper procedure under § 2-1068, *supra,* as we have found no cases similar to this appeal. Our Supreme Court has stated in this regard:

> "Second: Respondents further assert that the procedure for setting aside a default judgment is in the nature of a motion for a new trial and hence no change of venue from the judge should be permitted. This court has said, from time to time, usually by way of dicta, that the effect of setting aside a default judgment is no different from that of granting a motion for a new trial, and the practical result is the same.
>
> While such a procedure may have some of the characteristics of a motion for a new trial, it differs materially therefrom in that a motion for a new trial raises only a question of law, while a proceeding to set aside a default judgment raises only a question of fact. In a motion for a new trial the court is required to determine questions of law arising out of the trial of the original issues, *while in an action to set aside a default judgment it is required to determine facts which are not a part of the original issue but which form the basis for a new and separate action.*
>
> It seems to us that an action to set aside a default judgment under § 2-1068, *supra,* is a new and different action requiring notice to the adverse parties and presenting a new and different cause for trial, wherein the burden of proof is on the party requesting relief from the judgment. It is not in any way a trial of the original issues but a determination of the facts surrounding the action of the court in rendering judgment against the defendant because of some mistake, inadvertence, surprise, or excusable neglect on his part." *State ex rel. Beckham, Sr.* v. *Vanderburgh Circuit Court* (1954), 233 Ind. 368, at p. 371, 119 N. E. 2d 713, at p. 714. (our emphasis)

See also *State* v. *Daviess Circuit Court* (1964), 245 Ind. 400, 199 N. E. 2d 335.

Under the case law as presented by our Supreme Court as shown above, the proper procedure under § 2-1068, *supra,* is a new and separate cause of action. Since the appellant moved and petitioned the lower court to docket his petition as a new and separate cause of action, the lower court erred in ruling on a demurrer to the petition. It appears to this court that the motion to docket the petition as a new and separate cause of action should have been sustained. It certainly cannot be said that the lower court could be upheld in sustaining the demurrer on the basis of lack of jurisdiction when the said court failed and refused to docket said petition as a new and separate cause of action. Nor could the court sustain the demurrer on the basis of facts insufficient to grant the relief sought, for as we have stated above, a mistake as to the capacity to conveive a child does qualify under § 2-1068, *supra,* as to relief from judgments rendered due to a mistake of fact.

Therefore, we hold that the lower court erred in failing to docket the petition as a new and separate cause of action and in prematurely ruling on the demurrer before such action was taken. For all of the foregoing reasons, the court's ruling on the demurrer is reversed and this cause is remanded with instructions to docket the petitioner's action as a new and separate cause pursuant to § 2-1068, *supra,* and for further proceedings not inconsistent with this opinion.

Reversed and remanded with instructions.

Bierly, C. J. Mote and Smith, JJ. concur.

NOTE.—Reported in 211 N. E. 2d 623.