WHALEY v. STEUBEN COUNTY RURAL ELECTRIC
MEMBERSHIP CORPORATION.

[No. 20,435. Filed November 21, 1966.]

*Arthur H. Gemmer,* of Indianapolis, for appellant.

*James V. Donadio, Geoffrey Segar,* and *Ice, Miller, Donadio & Ryan,* of Indianapolis, for appellee.

CARSON, J.—The controversy in this appeal involves appellant's contention that his injury occurred out of and in the course of his employment with appellee. The case, involving the claim of appellant for Workmen's Compensation, was decided by the Full Industrial Board of Indiana on Stipulated Facts and Supplemental Stipulated Facts which may be summarized as follows:

> Appellant was a line foreman for the appellee utility. The utility requires "stand-by emergency service" duty of its employees on weekends. This "stand-by service" requires

that the employee be available at home to answer emergency calls. After receiving an emergency call, the employee goes to the employer's place of business where he picks up a service truck and makes the emergency run.

To be available for emergency calls, the employee is paid $15 whether or not he is called. In addition, if the employee answers an emergency call, he receives an hourly rate from the time he receives the call to make the emergency run until the time he returns home after making the repair. *The employer is aware and expects the employee to use his own car to reach the employer's place of business where he will pick up a service truck.* The employer does not pay employee a car allowance.

The accident, involving appellant's injury, occurred at 5:00 A.M., December 17, 1961, as appellant was going to his car in response to an emergency call which he had received. Appellant was proceeding from the front door of his home to his automobile which was parked in front of his house at the curb. It was necessary for appellant to cross a sidewalk to reach his car. As appellant was crossing the sidewalk, he slipped and fell sustaining the injuries for which he claims compensation.

The finding of the Industrial Board is as follows:

"That on the 17th day of December, 1961, and for some time prior thereto, the plaintiff was in the employ of the defendant at an average weekly wage in excess of $65.00; that on said date he sustained personal injuries by reason of an accident which did not arise out of and in the course of his employment with the defendant herein;

"That prior to the filing of plaintiff's application a good faith effort was made by said parties to adjust said claim, which effort resulted in a disagreement between the parties.

"Said full Industrial Board of Indiana, by a majority of its members, now finds for the defendant and against the plaintiff on plaintiff's application Form 9 for the adjustment of claim for compensation, filed on the 16th day of May, 1962."

Generally, accidents occurring on the way to employment are not compensable because such accidents do not arise out of and in the course of employment as required by the Workmen's Compensation Act, § 40-1202, Burns' 1965 Repl. *Boyd* v. *Chase* (1929), 89 Ind. App. 374, 166

N. E. 611. *Emmons* v. *Wilkerson* (1950), 120 Ind. App. 100, 89 N. E. 2d 296. *Keller* v. *H. P. Wasson & Co.* (1958), 129 Ind. App. 59, 153 N. E. 2d 386.

The meaning of the words "out of" and "in the course of" the employment has been defined by this court in the case, *Tom Joyce 7 Up Company* v. *Layman* (1942), 112 Ind. App. 369, at 373, 44 N. E. 2d 998.

"It will be noted that under this section of the statute an injury to be compensable must both arise out of and be in the course of the employment. Neither alone is enough.

"In the case of *Burroughs Adding Machine Co.* v. *Dehn* (1942), 110 Ind. App. 483, 39 N. E. (2d) 499, we discuss rules that have been applied in a number of decisions in this and other jurisdictions for the purpose of determining whether the particular injury by accident was one 'arising out of' the employment.

"In the case of *Lasear, Inc.* v. *Anderson* (1934), 99 Ind. App. 428, 434, 192 N. E. 762, this court quotes from *Jeffries* v. *Pitman-Moore Co.* (1925), 83 Ind. App. 159, 147 N. E. 919, the following definition of when an accident occurs 'in the course of' the employment:

" 'This court has correctly held that an accident occurs in the course of the employment, within the meaning of the compensation act, when it takes place within ■ period of the employment, at a place where the employee may reasonably be, and while he is fulfilling the duties of his employment, or is engaged in doing something incidental to it.'

"In the same opinion this court uses the following language in defining when an accident 'arises out of' the employment:

" 'Generally, an accident may be said to arise out of the employment, where there is a causal connection between it and a performance of some service of the employment. Causal relation is established when the accident arises out of a risk which a reasonably prudent person might comprehend as incidental to the employment at the time of entering into it, or, when the facts show an incidental connection between the conditions under which the employee works and the injury.'

"The phrase 'in the course of' points to the place and circumstances under which the accident takes place and the time when it occurs.

"In the case of *City of Chicago* v. *Industrial Com.* (1941), 376 Ill. 207, 210, 33 N. E. (2d) 428, the Supreme Court of Illinois distinguishes between the two phrases in the following language:

" 'The words "arising out of" refer to the origin or cause of the accident and are descriptive of its character, while the words 'in the course of' refer to the time, place and circumstances under which the accident occurs.' "

There are exceptions to the general rule stated above. One being that where the employee is being paid for the time required in traveling to and from work and is injured in such travels, that injury is in the course of his employment, *Hunt* v. *Gaseteria, Inc.* (1938), 105 Ind. App. 197, 12 N. E. 2d 992. *Lasear, Inc.* v. *Anderson,* (1934), 99 Ind. App. 428, 192 N. E. 762. *In re Maroney* (1917), 66 Ind. App. 333, 118 N. E. 134.

It makes no difference that the employee was injured on a public sidewalk.

"The localities to which he was sent in the discharge of the duties of his employment constituted the place or places in which he was required to work. By reason of his employment he was at the place where he was injured. He was where his employment took him and the hazard of the icy street was incidental to such employment. This proposition is not changed by the fact that the public generally in that vicinity was exposed to the hazards of the icy street. The facts show that Harraden's employment exposed him to increased hazards generally among which was the one which caused his injury. The admitted facts compel the inference that the injury of Harraden resulted from conditions produced by the weather, and likewise because he was in the particular locality at the time in question. The latter fact is due to his employment. The facts admit of no other inference but that for his employment he would not have been in that locality at the time of his injury. His employment was therefore a contributing proximate cause of his injury. By reason of it he was exposed to a hazard which in all reasonable probability he would not otherwise have encountered. The work he was employed to do required travel and made him particularly subject to hazards to an extent far greater than like hazards encountered by the

general public. Such being the case, the facts not only warrant the conclusion that the injury of Harraden was received in the course of his employment, but they likewise compel the inference that his injury arose out of his employment within the spirit, purpose, and meaning of the Workmen's Compensation Act, *supra.*" *In re Harraden* (1917), 66 Ind. App. 298, 118 N. E. 142.

Where the Stipulated Facts and Supplemental Stipulated Facts compel a conclusion contrary to that reached by the Board, it is the duty of this court to reverse the denial of award by the Board as a matter of law, *King* v. *Illinois Steel Corp.* (1931), 92 Ind. App. 456, 176 N. E. 161.

The undisputed facts that appellant was being paid to travel to the employer's place of business and that while being paid was injured and that such injury arose out of his employment lead us to the conclusion that the finding of the Industrial Board was contrary to law.

Therefore, the decision of the Industrial Board is reversed. The case is remanded to the Board for fixing damages consistent with the Act.

Judgment reversed.

Wickens, P.J., Faulconer, J., Prime, J., concur.

NOTE.—Reported in 221 N. E. 2d 435.